179 So.2d 414 (1965)
BUMBY & STIMPSON, INC., Appellant,
v.
PENINSULA UTILITIES CORPORATION, Appellee.
No. 65-277.
District Court of Appeal of Florida. Third District.
November 2, 1965.
Rehearing Denied November 17, 1965.
*415 Fishback, Davis, Dominick & Troutman, Orlando, for appellant.
Scott, McCarthy, Preston & Steel and Talbot D'Alemberte, Miami, for appellee.
Before TILLMAN PEARSON, CARROLL and SWANN, JJ.
TILLMAN PEARSON, Judge.
The appellee has moved to dismiss this appeal on the basis that the order appealed is not final. The appeal is from an order entered in a common law action and this court has jurisdiction on appeal only from final judgments and from interlocutory orders relating to venue or jurisdiction over the person and orders or judgments entered after final judgments (except those relating to motion for new trial or reconsideration). Constitution of the State of Florida, Art. V, § 5(3), F.S.A.; Fla.App.Rules 4.2, 31 F.S.A.
The pertinent history of the case is that on March 12, 1965, the trial court entered "Summary Judgment" as follows:
"Ordered and adjudged that the motion for summary judgment is granted. The plaintiff, Bumby & Stimpson, Inc., shall take nothing by this suit and the defendant, Peninsula Utilities Corporation, shall go hence without day, costs to be hereafter taxed."
It will be observed that the order is final in form. Nevertheless the order left pending and undisposed defendant's compulsory counterclaim against the plaintiff. Notice of appeal from the quoted order was filed to this court on April 5, 1965. On May 12, 1965, the trial court entered the following order on the counterclaim:
"This cause came on before the court on the stipulation of the parties for dismissal of the counterclaim without prejudice and the court having approved that stipulation it is
"Ordered and adjudged that the counterclaim be and the same is hereby dismissed without prejudice."
On September 16, 1965, after the time appellee had filed its brief on this appeal, it moved to dismiss the appeal for lack of jurisdiction of this court to review the order appealed.
A notice of appeal filed prior to rendition of a final judgment or decree cannot confer jurisdiction upon the court. Shaw v. Hill, Fla.App. 1959, 114 So.2d 721; Tom v. State ex rel. Tom, Fla.App. 1962, 143 So.2d 226. Where an appeal is taken in violation of the rules so that it is not legally sufficient to confer jurisdiction of the subject matter upon the court, the appearance of the appellee cannot of itself give the court jurisdiction of the subject matter, and the appeal should be dismissed by the court sua sponte. Provident Savings Bank & Trust Co. v. Devito, 1929, 98 Fla. 1076, 125 So. 235. A court has no power to act in the absence of the jurisdictional *416 foundation for the exercise of the power. State ex rel. Diamond Berk Ins. Agency v. Carroll, Fla. 1958, 102 So.2d 129; Schutzer v. City of Miami, Fla.App. 1958, 99 So.2d 729.
The question thus becomes: Was the order of March 12th, 1964, which was final in form but which left undisposed defendant-appellee's counterclaim, a final judgment? An order terminating litigation between one party and another is final as to them notwithstanding that in the same case litigation continues between either of those parties and third persons. Evin R. Welch & Co. v. Johnson, Fla.App. 1962, 138 So.2d 390. But the appositive is also true. An order which does not dispose of the entire claim between the parties is not final. Fontainebleau Hotel Corp. v. Young, Fla. App. 1964, 162 So.2d 303.
The appeal must be and is dismissed. It is so ordered.