301 So.2d 21 (1974)
Ralph J. TAUSSIG, Appellant,
v.
INSURANCE COMPANY OF NORTH AMERICA, a Corporation, Appellee.
No. 74-135.
District Court of Appeal of Florida, Second District.
October 4, 1974.
John T. Allen, Jr. and Robert F. Nunez, St. Petersburg, for appellant.
William Knight Zewadski of Trenam, Simmons, Kemker, Scharf & Barkin, Tampa, for appellee.

ON MOTION TO DISMISS
GRIMES, Judge.
Appellant, Ralph J. Taussig (Taussig), was the plaintiff below in a suit against appellee, Insurance Company of North America (INA). In his complaint Taussig related the following facts with reference to a prior lawsuit:
(a) The Seminole Bank of Tampa filed suit in Federal District Court for the Middle District of Florida against INA on a banker's blanket fidelity bond alleging that the bank's prior $50,000 loan to Saler Corp. and its president had been predicated upon forged documents.
(b) INA filed a third-party complaint against Taussig, whose signature appears on the promissory note to the bank.
(c) The court ultimately dismissed the third-party complaint against Taussig, a resident of Pennsylvania, for lack of jurisdiction.
(d) The bank's suit against INA was thereafer dismissed as a result of INA paying the bank's claim.
Taussig alleged that inherent in INA's third-party complaint and other pleadings *22 was the assertion that he had conspired to swindle the bank out of $50,000. Taussig contends that his alleged signature which appeared on the promissory note was forged, that the allegations of the third-party complaint were false and that INA knew or should have known them to be false. He claimed damages against INA on the theory of malicious prosecution. INA denied Taussig's allegations excepting those which related to the pleadings filed in the prior action.
INA alleged that it now was the owner of the note by assignment from the bank and counterclaimed against Taussig for payment by reason of his signature as endorser on the note. The court below entered an order dismissing Taussig's complaint with prejudice. Taussig appealed this order. INA has now moved to dismiss the appeal on the ground that since the counterclaim is pending below, the order from which the appeal is taken is not a final order.[1]
The question of whether an appeal can be taken from an order dismissing a claim when a counterclaim remains pending in the same suit, or vice versa, has plagued Florida courts for many years. The applicable decisions are in disarray. The Third[2] and Fourth[3] Districts have held that an order which does not finally dispose of both the claim and counterclaim is not a final order from which an appeal can be taken. Our court appears to have gone in both directions. In Potts v. Hayden[4] and McLean v. Plant Fruit Co.[5] we took the same position as the Third and Fourth Districts. On the other hand, in Neil v. Ellis,[6] and Duncan v. Pullum,[7] we held that an appeal could be taken from an order dismissing a counterclaim even though the original claim remained pending in the court below. The Fourth District Court of Appeal in S.L.T. Warehouse Co., supra, pointed out the inconsistency in our rulings. Unless we make a definitive ruling, we may reasonably expect continued litigation over the point, because, just as in the instant case, no appellant can afford to run the risk of not appealing the questioned order for fear we might later hold that it was final.
The complexity of this and related problems in the federal courts precipitated the adoption of Federal Rule 54(b).[8] Inherent in the adoption of the rule were the competing policy considerations of the inconvenience and cost of a piecemeal review on one hand and the danger of denying justice by delay on the other.[9] Under the current Rule 54(b), an order such as the one in the case at bar would only be final and subject to appeal if the trial court expressly direct ed this to be so. While there are now occasional attacks upon the exercise of the Federal District Judge's discretion in designating such an order as final, there is no longer any confusion over whether an appeal is unauthorized.[10]
In the absence of a controlling Florida rule, the Third and Fourth Districts appear to be following the practice of the federal courts prior to the adoption *23 of Rule 54(b); namely, that all claims and counterclaims in a suit constitute a single judicial unit and that no appeal can be taken until all of these claims are adjudicated.[11] With all due respect, we are reluctant to follow this rule because we perceive the desirability of the speedy resolution of totally separable claims. We believe that a rule predicated upon the distinction between a compulsory and a permissive counterclaim as defined by Rule 1.170(a) and (b), FRCP, might profitably be adopted.[12] If the counterclaim were compulsory, no appeal could be taken until the disposition of both the claim and the counterclaim. If the counterclaim were permissive, an appeal could be taken from the dismissal of either the claim or the counterclaim even though the other remained pending. Therefore, insofar as our court is concerned, absent a controlling decision of the supreme court to the contrary or a rule change, we shall hereafter follow this procedure.
We recognize that this will not solve all of the problems because in some cases the question of whether the counterclaim is compulsory or permissible is not clear. Yet, there are precedents for this type of determination and the same precedents can be used in deciding whether an order is final for purposes of appeal. Such a rule would also appear to strike a proper balance between the need for the speedy determination of unrelated matters and the cost and vexation of piecemeal review.
While the opposing claims in the instant case are such as to put the rule to a severe test in its very first application, we are inclined to believe that the counterclaim was compulsory. In considering this issue in Stone v. Pembroke Lakes Trailer Park, Inc., Fla.App. 4th 1972, 268 So.2d 400, at page 402, the court said:
"It has been said that courts should give the phrase `transaction or occurrence that is the subject matter of the suit' a broad realistic interpretation in the interest of avoiding a multiplicity of suits. * * * Thus, subject to the exceptions inherent in the rule, any claim that is logically related to another claim that is being sued on is properly the basis for a compulsory counterclaim. Such a definition would further the purpose of the rule in that it would minimize litigation and prevent a multiplicity of suits... ."
Though in order to sustain his claim Taussig would have to prove several elements which did not arise out of the same transaction (the federal court suit) which is alleged in the complaint, a resolution of the counterclaim favorable to INA would necessarily preclude Taussig's recovery on his complaint. Hence, the claim and the counterclaim are so logically related as to dictate the conclusion that the counterclaim was compulsory. Consequently, the order dismissing Taussig's complaint is not final and INA's motion to dismiss the appeal is hereby
Granted.
McNULTY, C.J., concurs.
BOARDMAN, J., dissents with opinion.
BOARDMAN, Judge (dissenting).
I agree with the law espoused by the majority. However, I cannot concur in the categorization of the counterclaim filed in this action as being compulsory.
NOTES
[1] The action is one formerly cognizable at law, so the possibility of treating this appeal as interlocutory is not open for consideration.
[2] Bumby & Stimpson, Inc. v. Peninsula Util. Corp., Fla.App.3d, 1965, 179 So.2d 414.
[3] S.L.T. Warehouse Co. v. Webb, Fla.App. 4th, 1974, 294 So.2d 712; Midstate Hauling Co. v. Liberty Mutual Ins. Co., Fla.App. 4th, 1966, 189 So.2d 826.
[4] Fla.App.2d 1971, 249 So.2d 726.
[5] Fla.App.2d 1964, 167 So.2d 332.
[6] Fla.App.2d 1973, 287 So.2d 739.
[7] Fla.App.2d 1967, 198 So.2d 658.
[8] See generally the discussion beginning at 6 Moore's Federal Practice, § 54.04.
[9] Dickinson v. Petroleum Conv. Corp., 1949, 338 U.S. 507, 70 S.Ct. 322, 94 L.Ed. 299.
[10] See Republic of China v. American Express Co., C.A.2d 1951, 190 F.2d 334, and Gaetano Marzotto & Figli, S.P.A. v. G.A. Vedovi & Co., D.C.N.Y. 1961, 28 F.R.D. 320, for excellent discussions of the problems which led to the adoption of Rule 54(b) and the methods by which the federal courts operate under this rule.
[11] General Electric Co. v. Marvel Rare Metals Co., 1932, 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408; Radio Corporation of America v. J.H. Bunnell & Co., C.A.2d 1924, 298 F. 62.
[12] Such a practice would be similar to that contemplated by the original Federal Rule 54(b) before it was amended in 1946; 6 Moore, supra, § 54.20; Toomey v. Toomey, 1945, 80 U.S.App.D.C. 77, 149 F.2d 19.