392 So.2d 590 (1981)
RYDER TRUCK LINES, INC., Scottish and York International Insurance Group and Morris Daniel Farmer, Appellants,
v.
Sadie POUGH and Orbit Pough, Appellees.
No. 80-159.
District Court of Appeal of Florida, Third District.
January 13, 1981.
*591 Marlow, Shofi, Ortmayer, Smith, Connell & Valerius and Joseph H. Lowe, Miami, for appellants.
Bradford, Williams, McKay, Kimbrell, Hamann, Jennings & Kniskern and John W. Wylie, Miami, for appellees.
Before HUBBART, C.J., and SCHWARTZ and NESBITT, JJ.
NESBITT, Judge.
This is an appeal from an order granting plaintiff/counterdefendants' motion to dismiss an amended counterclaim. We reverse.
The action was commenced by Orbit and Sadie Pough for personal injuries sustained by them and their children when a vehicle operated by Orbit Pough and owned by his wife, Sadie, collided with a vehicle owned by defendant Ryder, operated by defendant Farmer, and insured by defendant Scottish and York International Insurance Group. Defendants filed a general denial and counterclaim against the plaintiffs for contribution under the Uniform Contribution Among Tortfeasors Act, Section 768.31, Florida Statutes (1977). On motion by the Poughs, the amended counterclaim seeking contribution was dismissed on authority of 3-M Electric Corporation v. Vigoa, 369 So.2d 405 (Fla.3d DCA 1979). The original claim of the Poughs is still pending. Therefore, the threshold question, which must be addressed, is whether defendants may appeal the dismissal of their amended counterclaim at this juncture of the case. The right to contribution arose out of the same transaction or occurrence and therefore might, at first blush, appear to be a compulsory counterclaim under Florida Rule of Civil Procedure 1.170(a). It has been uniformly held that, because of the interrelationship between an original claim and a compulsory counterclaim, no appeal could be taken from either until the final disposition of both the claim and the counterclaim. Taussig v. Insurance Company of North America, 301 So.2d 21 (Fla.2d DCA 1974); Midstate Hauling Company v. Liberty Mutual Insurance Company, 189 So.2d 826 (Fla.4th DCA 1966); Bumby & Stimpson, Inc. v. Peninsula Utilities Corporation, 179 So.2d 414 (Fla.3d DCA 1965).
Under Section 768.31(4), Florida Statutes (1977), a judgment for contribution may be maintained whether or not the judgment has been entered in any action against two or more tortfeasors or by separate action. Because the Legislature has allowed such latitude and flexibility, we treat the counterclaim as though it were a permissive counterclaim and therefore appealable. Taussig v. Insurance Company of North America, supra. Consequently, we treat this petition for common law certiorari as a plenary appeal. Fla.R.App.P. 9.040(c).
The trial court dismissed the amended counterclaim on authority of 3-M Electric Corporation v. Vigoa, supra. This court, having receded from that decision in Quest v. Joseph, 392 So.2d 256 (Fla. 3d DCA 1981) (en banc) and, for the *592 reasons and authorities stated in Quest v. Joseph, the order of the trial court is reversed and remanded with instructions to reinstate the amended counterclaim.