396 So.2d 1218 (1981)
Laura D. DUKE, a/K/a Laura Manuel et al., Appellant,
v.
Lela B. REED, Appellee.
No. 80-2382.
District Court of Appeal of Florida, Third District.
April 21, 1981.
*1219 Richard N. Friedman, Miami, for appellants.
Manners, Amoon, Whatley & Tucker and Kenneth J. Duckworth, Miami, for appellee.
Before HUBBART, C.J., and BASKIN and FERGUSON, JJ.
PER CURIAM.
By this interlocutory appeal, we are asked to review a non-final trial court order which: (a) grants summary judgment as to liability only for the plaintiff on a mortgage foreclosure count in a multi-count complaint; and (b) makes various other interlocutory rulings. We have jurisdiction to review the grant of summary judgment to the plaintiff, but have no jurisdiction to review the other rulings made by the court below. Art. V. § 4(b)(1), Fla. Const.; Fla.R. App.P. 9.130(a)(3)(C)(iv).
The trial court's order granting summary judgment on the mortgage foreclosure count in this case is reversed and the cause is remanded for further proceedings as, in our view, the record reveals two genuine issues of material fact as to: (a) whether the defendants were in default of the subject mortgage or had, in fact, properly tendered the overdue mortgage payment herein to the plaintiff at a place which the parties had implicitly agreed upon within the thirty (30) day grace period allowed by the mortgage note; and (b) if not, whether the defendants were given proper notice that the plaintiff intended to exercise her option to declare the entire amount of the subject note due prior to the defendants' tender of the above overdue mortgage payment. See e.g., Holl v. Talcott, 191 So.2d 40, 43-44 (Fla. 1966); River Holding Co. v. Nickel, 62 So.2d 702 (Fla. 1953). The appeal from the balance of the rulings made by the trial court in the order under review is dismissed for lack of jurisdiction.
Reversed in part; dismissed in part.