BERANEK, Judge.
This appeal raises the question of whether an action to enforce contribution by a joint tortfeasor under Section 768.31, Florida Statutes (1979), is a compulsory counterclaim and whether Subsection 4 of the Statute is violative of Article V, Section 2(a) of the Florida Constitution. Since we find that a claim for contribution is not a compulsory counterclaim, we need not address the second issue. We reverse the trial court’s contrary determination.
Appellants’ complaint for contribution arose out of a prior suit against him for injuries arising from an automobile accident. After jury trial, the present appellant satisfied the entire judgment and filed suit for contribution under Section 768.31, Florida Statutes (1979), against Harry Huddle and his insurer, State Farm Mutual Automobile Insurance Company. Both defendants (appellees herein) filed motions for judgment on the pleadings asserting that the action was untimely because it was not brought as a compulsory counterclaim. The trial court ruled the action was barred and this appeal ensued.
Rule 1.170(a), Florida Rules of Civil Procedure, governing compulsory counterclaims states:
A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim.
In Ryder Truck Lines, Inc. v. Pough, 392 So.2d 590 (Fla. 3d DCA 1981), a case factually similar to the case at bar, the Third District found a counterclaim for contribution was permissive, not compulsory. The Poughs sued Ryder for personal injuries to themselves and their children resulting from the collision of their car, driven by Mr. Pough, with a vehicle owned by the truck line. Defendant and its insurer filed a general denial and a counterclaim for contribution under the Uniform Contribution Among Tortfeasors Act, Section 768.31, Florida Statutes (1977). Plaintiffs’ motion to dismiss was granted and defendants appealed. In determining that the trial court had erred in dismissing defendants' claim for contribution, the appellate court stated:
The original claim of the Poughs is still pending. Therefore, the threshold question, which must be addressed, is whether defendants may appeal the dismissal of their amended counterclaim at this juncture of the case. The right to contribution arose out of the same transaction or occurrence and therefore might, at first blush, appear to be a compulsory counterclaim under Florida Rule of Civil Procedure 1.170(a). It has been uniformly held that, because of the interrelationship between an original claim and a compulsory counterclaim, no appeal could be of both the claim and the counterclaim. Taussig v. Insurance Company of North America, 301 So.2d 21 (Fla. 2d DCA 1974); Midstate Hauling Company v. Liberty Mutual Insurance Company, 189 So.2d 826 (Fla. 4th DCA 1966); Bumby & Stimpson, Inc. v. Peninsula Utilities Corporation, 179 So.2d 414 (Fla. 3d DCA 1965).
Under Section 768.31(4), Florida Statutes (1977), a judgment for contribution may be maintained whether or not the judgment has been entered in any action against two or more tortfeasors or by separate action. Because the Legislature has allowed such latitude and flexibility, we treat the counterclaim as though it were a permissive counterclaim and therefore appealable. Taussig v. Insurance Company of North America, supra. Consequently, we treat this petition for common law certiorari as a plenary appeal. Fla.R.App.P. 9.040(c).
Appellant here filed no counterclaim. Instead, he brought a separate action within a year after rendition of judgment in the initial tort case. Subsection (2)(b) of Section 768.31 is as follows:
The right of contribution exists only in favor of a tortfeasor who has paid more *1250 than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tortfeasor is compelled to make contribution beyond his own pro rata share of the entire liability.
A complaint sounding in negligence requires allegations of duty, breach and proximate cause. A complaint for contribution requires allegations of payment and payment in excess of one’s share. A compulsory counterclaim must exist “at the time of serving the pleading.” Rule 1.170(a), Florida Rules of Civil Procedure. Since a claim for contribution requires actual payment beyond one’s pro rata share of common liability it is logically distinguishable from the liability tort case. This is the view of the majority of jurisdictions that have passed on the matter. See Annot., 57 A.L.R.3d 857, Limitation Applicable to Indemnity Action, § 3 (1974), and cases cited.
Pursuant to Section 768.31(4), the appellant paid the entire judgment and brought an action for contribution. We conclude that a claim for contribution, although related to the same incident, does not satisfy the test of a compulsory counterclaim.
The trial judge erred, and the judgment below is reversed and the matter remanded for further proceedings.
REVERSED AND REMANDED.
HURLEY, J., and BURNSTEIN, MIETTE K., Associate Judge, concur.