600 So.2d 5 (1992)
Leonard D. PEARLMAN, Appellant,
v.
NATIONAL BANK OF NEW YORK CITY, etc., Appellee.
No. 90-2909.
District Court of Appeal of Florida, Fourth District.
April 29, 1992.
Rehearing Denied July 16, 1992.
*6 Mark B. Schorr, of Mark B. Schorr, P.A., Fort Lauderdale, for appellant.
Michael J. McNerney and Stephen L. Ziegler of Brinkley, McNerney, Morgan & Solomon, Ft. Lauderdale, for appellee.
HERSEY, Judge.
This is an appeal of a final judgment in the nature of foreclosure of a mortgage. The original mortgagor was Flushing National Bank, presently known as National Bank of New York City, referred to hereinafter as appellee or bank. There were two parcels of real property intended to be encumbered by the mortgage: one located in Florida and termed "the Uniroyal property" which is the parcel involved in this litigation, and another parcel located in Georgia and known as "the Lagrange property." Both parcels were encumbered by long-term leases. Record title was held by PearlCo, Inc., whose three shareholders were appellant Leonard Pearlman; Jack Farber, who was chairman of the board of appellee bank; and Jordan Cohen. The latter, Cohen, was also the trustee of a trust which held the PearlCo, Inc. stock, and it was through him that the corporation conducted its normal business activities.
As security for a loan in the original principal amount of $200,000.00, the parties entered into a mortgage transaction. The actual "mortgage" document inartfully purports to convey to the bank a security interest in the "leasehold." We use the term "inartful" advisedly. Only the tenant has a leasehold interest; the lessor has the reversion or the fee simple title subject to the leasehold interest. The intention of the parties was apparently to create a security interest in the rents rather than in the reversion. This intention is memorialized by the fact that PearlCo, Inc., by and through its trustee, Cohen, also entered into a so-called Subordination Agreement providing for transfer of the fee simple title of the two parcels to the bank in the event of a default on the promissory note. Had the mortgage encumbered the fee simple title, this document would have been a redundancy. We do not delve further into the devolution of the Lagrange property or the evolution of the rental receipts account, finding the points on appeal involving them either to be moot or without merit.
Three dates are critical to resolution of the issues on appeal:
*7 In 1979 the "mortgage" was recorded;
In 1987 appellant, Pearlman, took title to the Uniroyal Property; and
In 1988 the "Subordination Agreement" was recorded.
Later in 1988, the promissory note went into default, and the bank commenced an action in the court below to foreclose the interests of appellees under the mortgage and the Subordination Agreement. The trial court subsequently entered judgment for the bank, and this appeal ensued.
Appellant Pearlman claims, inter alia, to be a bona fide purchaser without notice of the Subordination Agreement as to the Uniroyal property, thereby insulating his fee simple title interest from the obligations of that agreement. A bona fide purchaser without notice (BFP) takes title free of any prior encumbrance which was unrecorded at the time he took title. See § 695.01(1), Fla. Stat. (1989).
The trial court found that appellant did not enjoy the status of BFP. We affirm that finding on the alternative grounds that (1) he did not give valuable consideration at the time he acquired title and/or (2) he had actual or constructive notice of the preexisting encumbrance (the Subordination Agreement) at the time he acquired the fee simple title from PearlCo, Inc. See Freedom Sav. & Loan Ass'n v. Horton, 553 So.2d 1335, 1336-37 (Fla. 1st DCA 1989) (to be a bona fide purchaser, there must be an absence of notice, either actual or constructive, of the prior interest in the property).
There was no consideration given to the corporation for the transfer of title. Whatever consideration was involved, if any, passed from individual shareholder to individual shareholder in settlement of their claims against one another.
As to notice, appellant was a shareholder, an officer, and a director of PearlCo, Inc. He attended the closing of the original mortgage transaction but claims that he left before Cohen, the trustee, signed the Subordination Agreement. Whether or not his recollection is accurate, he is charged with the knowledge that the Subordination Agreement was an integral part of the loan transaction and that it was validly executed.
For these reasons, appellant cannot claim the status of a BFP. That he does not qualify for that status is based on substantial competent evidence in the record, supporting an affirmance.
Appellant next argues that it was error to sever the foreclosure complaint for a bench trial prior to a jury trial on appellant's compulsory counterclaim. While the statute requiring severance, section 702.01, Florida Statutes (1987), has been declared unconstitutional, Haven Federal Sav. & Loan Ass'n v. Kirian, 579 So.2d 730 (Fla. 1991), severance remains permissible under rule 1.270(b), Florida Rules of Civil Procedure. Error has not been demonstrated in this regard.
Finding no merit in any of the other points raised by appellant, we affirm.
AFFIRMED.
ANSTEAD and GARRETT, JJ., concur.