610 So.2d 568 (1992)
KEY CREDIT, INC., et al., Appellants,
v.
ESPIRITO SANTO BANK of Florida, f/k/a Biscayne Bank, etc., Appellee.
No. 91-677.
District Court of Appeal of Florida, Third District.
December 8, 1992.
Rosenberg & Rothman and Michael Rothman, Miami, for appellants.
Wallace, Engels, Pertnoy, Solowsky & Allen and Todd A. Fodiman, and Richard Allen, Miami, for appellee.
Before COPE, LEVY and GODERICH, JJ.
PER CURIAM.
Key Credit, Inc., Jose A. Varona, and Consuelo A. Varona, (collectively, "the borrowers") *569 who were defendants and counter-plaintiffs below, appeal an adverse summary final judgment on their second amended counterclaim. We dismiss the appeal for want of jurisdiction.
Appellee Espirito Santo Bank of Florida, formerly known as Biscayne Bank, provided a line of credit to Key Credit, Inc., on which Mr. and Mrs. Varona were guarantors. In July, 1983 the line of credit was replaced by a written term loan agreement. In 1985 Key Credit defaulted and the lender brought suit on the note.
The borrowers counterclaimed against the lender. Insofar as pertinent here, the borrowers asserted that the term loan agreement was entered into as a result of a written proposal submitted by the borrowers. This written proposal, orally accepted by the bank, provided that the borrowers would convert their preexisting line of credit into a term loan which would amortize over several years. The proposal also provided that beginning in January, 1984 the bank would provide a line of credit for short term borrowings for Key Credit's inventory. The line of credit would become available after the borrower had paid the first six installments on the term loan.
The borrowers executed the term loan agreement and began making payments thereunder. The borrowers assert that at the time of execution of the term loan agreement, they also requested execution of the documents for the line of credit. The borrowers, who had been bank customers for many years, were assured that there would be no problem with the line of credit but that the documents had not yet been prepared. The borrowers were requested to proceed to sign the term loan agreement without the line of credit agreement, because the bank urgently needed the term loan agreement in order to satisfy requirements of the banking regulators.
The borrowers executed the term loan agreement and performed their obligations for approximately two years before defaulting. The line of credit, however, was never made available. Some internal bank documents suggest that as of the time of executing the term loan agreement, the bank did not intend to provide the line of credit described in the borrowers' proposal. The borrowers assert that they were fraudulently induced to enter into the term loan agreement which, in combination with the absence of the line of credit agreement, caused them injury.
The trial court entered summary judgment against the borrowers on the borrowers' counterclaim. The bank's lawsuit on the note remains pending.
After review of the record herein, it appears that the "fraud in the inducement claim satisfies the logical relationship test for a compulsory counterclaim... . It is intertwined and interrelated with the main claim." Northcutt v. Pathway Financial, 555 So.2d 368, 369 (Fla. 3d DCA 1989) (citations omitted), review denied, 563 So.2d 633 (Fla. 1990); see also S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 100 (Fla. 1974). We conclude that the order under review is not independently appealable at this time.[*] We therefore dismiss the appeal without prejudice to the borrowers to appeal after entry of final judgment.
NOTES
[*] The court had previously denied the bank's motion to dismiss the appeal, based on the limited record then before the court. Upon review of the complete record, it is clear that the order under review is not appealable.