615 So.2d 735 (1993)
Richard T. NORRIS and Sandra M. Norris, Petitioners,
v.
James PAPS, Mary F. Paps, and James Ferry, Respondents.
No. 92-01376.
District Court of Appeal of Florida, Second District.
February 19, 1993.
Rehearing Denied March 31, 1993.
James F. McCollum, Sebring, for petitioners.
J. Davis Connor of Peterson, Myers, Craig, Crews, Brandon & Puterbaugh, P.A., Winter Haven, for respondents.
ALTENBERND, Judge.
The defendants in this mortgage foreclosure action, Richard and Sandra Norris, appeal two orders entered at the same hearing: an order severing compulsory counterclaims from the foreclosure, and a judgment of foreclosure. We conclude that the trial court improperly resolved disputed factual issues raised in the affirmative defenses when it entered a judgment on the pleadings. The trial court did not have the discretion to defer the jury trial on these factual issues by severing a counterclaim of fraud. See Adams v. Citizens Bank of Brevard, 248 So.2d 682 (Fla. 4th DCA 1971) (error to proceed with foreclosure action before jury trial on interrelated legal counterclaim).
Jack and Mary Paps and James Ferry (collectively referred to herein as "the Paps") owned a golf course and country club, including eighteen lakefront apartments in Sebring, Florida. In November 1988, they sold the property to Mr. and Mrs. Norris for $920,000. The Norrises paid $300,000 down and gave the Paps a promissory note and mortgage in the amount of $620,000.
The Paps filed this foreclosure action because the Norrises refused to make payments on the note after June 1990. The Norrises filed an answer admitting the execution *736 of the note and mortgage and their failure to make payments. As an affirmative defense, however, they alleged fraud in the inducement. This defense was supplemented by a lengthy multicount counterclaim, alleging that the Paps had concealed numerous problems with the golf course. The Norrises alleged that the Paps concealed evidence of structural damage by termites and water. The swimming pool allegedly had an undisclosed leak. The survey provided by the Paps allegedly overstated both the acreage of the property and the front footage on a lake. The Norrises claim the Paps were aware of these errors in the survey and failed to disclose them. The Norrises maintain that they stopped paying on the promissory note when they discovered these problems. Their counterclaim sought rescission and, in the alternative, requested monetary damages. They demanded a jury trial on the legal issues.
The Paps filed a motion for judgment on the pleadings and a motion to sever the counterclaim. In March 1992, the trial court granted the motion to sever because it concluded the allegations of fraud in the inducement constituted a permissive counterclaim, presenting factual issues distinct from the issues raised in the foreclosure action. It decided that these issues could be severed for subsequent jury trial. As a result of this decision and without any express order concerning the affirmative defense of fraud, the trial court granted foreclosure.

I. JURISDICTION
The Norrises filed this appeal pursuant to Florida Rule of Appellate Procedure 9.110, as an appeal from the final judgment of foreclosure. This was a logical decision. The judgment of foreclosure was sufficiently final to authorize a foreclosure sale. Indeed, the foreclosure sale was not stayed during this appellate proceeding, and the Paps purchased the property at that sale.
The Norrises' counterclaim, however, is still pending in the trial court. On a motion to dismiss filed earlier in this appeal, the Paps argued that this court could not review the final judgment of foreclosure until disposition of the counterclaim. The Paps relied on Taussig v. Insurance Co. of North America, 301 So.2d 21 (Fla. 2d DCA 1974). Taussig and other cases hold that where either the original claim or a compulsory counterclaim has been dismissed and the other claim remains pending, the appeal from the dismissal is not appealable until the remaining claim has been adjudicated. See City of Haines City v. Allen, 509 So.2d 982 (Fla. 2d DCA 1987); Del Castillo v. Ralor Pharmacy, 512 So.2d 315 (Fla. 3d DCA 1987). We note that Mendez v. West Flagler Family Ass'n, 303 So.2d 1 (Fla. 1974), and S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974), which were decided after Taussig, also support the general rule preventing a final appeal before disposition of a compulsory counterclaim. See Key Credit, Inc. v. Espirito Santo Bank of Fla., 610 So.2d 568 (Fla. 3d DCA 1992) (fraudulent inducement of note is compulsory counterclaim in suit to foreclose note and therefore not appealable before judgment is entered on pending foreclosure).[1]
This court has decided to treat the appeal as a petition for writ of certiorari because the trial court's orders deny the Norrises their right to a jury trial on the counterclaims seeking monetary damages in fraud. See Dykes v. Trustbank Sav., F.S.B., 567 So.2d 958 (Fla. 2d DCA 1990). In so doing, however, we leave open the question of whether a severed counterclaim that is still pending in the trial court invokes the rule of Taussig when a final judgment has been signed expressly authorizing a foreclosure sale or collection by execution. See Fla. R.App.P. 9.110(k); cf. Duke v. Reed, 396 So.2d 1218 (Fla. 3d DCA 1981) (summary judgment of foreclosure in multicount complaint is reviewable nonfinal order).

II. THE SEVERANCE
For a brief time, the legislature attempted to require trial courts to sever counterclaims *737 against mortgagees in foreclosure actions. § 702.01, Fla. Stat. (1987). The Florida Supreme Court declared that statute unconstitutional as an infringement upon judicial power. Haven Fed. Sav. & Loan v. Kirian, 579 So.2d 730 (Fla. 1991). Thus, the primary issue in this case is whether the trial court abused its discretion when it granted a severance under Florida Rule of Civil Procedure 1.270(b).
It is well established that fraud can be a valid defense in a foreclosure action. Lake Region Hotel Co. v. Gollick, 110 Fla. 324, 149 So. 204 (1933) (misrepresentation of size of acreage). Fraud is also a legal action for damages that can be raised as a counterclaim. Spring v. Ronel Refining, Inc., 421 So.2d 46 (Fla. 3d DCA 1982). At least in some, if not all, cases, fraud in the inducement of a note or mortgage is a compulsory counterclaim to an action in foreclosure on the note or mortgage. Key Credit; Spring; Yost v. American Nat'l Bank, 570 So.2d 350 (Fla. 1st DCA 1990).
Although such fraud claims may be compulsory counterclaims for purposes of Florida Rule of Civil Procedure 1.170, this fact does not necessarily preclude a severance under rule 1.270(b). Cf. Pearlman v. National Bank of New York City, 600 So.2d 5 (Fla. 4th DCA 1992) (severing foreclosure complaint for bench trial prior to jury trial on compulsory counterclaim is permissible). Nevertheless, it is more likely that a severance will prejudice a party or cause inconvenience if the severed issues include a compulsory counterclaim. See Yost. Such prejudice is especially predictable when the legal issues must be tried by jury, or where the evidence supporting an affirmative defense and the severed counterclaim are interrelated.
A mortgage foreclosure proceeding is equitable in nature and does not afford the parties a right to a jury trial. See Adams. A party is entitled to a jury trial, however, on issues raised in a compulsory counterclaim that are common to the equitable claim. Hightower v. Bigoney, 156 So.2d 501 (Fla. 1963); Dykes; Spring. By severing the counterclaim in this case, the court either determined the factual issues of fraud without evidence and without a jury, or it entered a final judgment for the plaintiff before it resolved the affirmative defense of fraud. Either option would be error.
Since the trial court could not sever the affirmative defense of fraud from this foreclosure action, it is obvious that a judgment on the pleadings was not warranted. In reviewing such a judgment, all material allegations of the opposing party are taken as true, and all those of the moving party that have been denied are taken as false. Swim Indus. Corp. v. Cavalier Mfg. Co., 559 So.2d 301 (Fla. 2d DCA 1990). The court is not permitted to consider any matter outside the pleadings. Farag v. National Databank Subscriptions, 448 So.2d 1098 (Fla. 2d DCA 1984).
Accordingly, we reverse the judgment of foreclosure and remand for further proceedings in accordance with this opinion.
RYDER, A.C.J., and FRANK, J., concur.
NOTES
[1] It seems ironic that the Paps obtained the final judgment by convincing the trial court that the counterclaim was unrelated to the foreclosure and then sought dismissal in this court because the counterclaim was compulsory.