PER CURIAM.
We reverse the order dismissing the second amended complaint entered in a damage action filed by Agustín Cordero and Old Cutler Bay Development Corporation against Capital Bank. Under the “logical relationship test” set forth in Londono v. Turkey Creek, Inc., 609 So.2d 14, 20 (Fla.1992), the claims presently asserted by plaintiffs are not compulsory counterclaims that should have been raised in the prior mortgage foreclosure action. Although both actions involve business dealings with Capital and Old Cutler and there is some overlap in the events, the basis of both claims is not the same aggregate of operative facts, and the aggregate core of facts supporting the initial foreclosure action does not activate the requisite additional legal rights. The foreclosure action concerning Old Cutler’s liability under the mortgage and the presently asserted claims as to Capital’s wrongful conduct involve distinct facts and legal issues. Accordingly, we reverse the dismissal order. See Whigum v. Heilig-Meyers Furniture, Inc., 682 So.2d 643 (Fla. 1st DCA 1996); Peterson v. United Accounts, Inc., 638 F.2d 1134 (8th Cir.1981). Cf. Norris v. Paps, 615 So.2d 735, 737 (Fla. 2d DCA 1993)(fraud in the inducement of a note or mortgage is generally a compulsory counterclaim in a foreclosure action); Key Credit, Inc. v. Espirito Santo Bank of Fla., 610 So.2d 568 (Fla. 3d DCA 1992)(same).
Reversed and remanded.