DAMOORGIAN, J.
Shirley Hill Person appeals a final judgment of foreclosure entered in favor of The Bank of New York Mellon Trust Company, N.A., as Trustee on Behalf of CWABS Asset-Backed Certificates Trust 2006-8 (the “Bank”) following a bench trial. We affirm the final judgment of foreclosure, *843 but reverse the trial court’s order dismissing Person’s counterclaims for illegal consumer debt collection.
The following events are relevant to this appeal. In response to the Bank’s foreclosure complaint, Appellant filed a pro se answer and affirmative defenses. Appellant did not assert any counterclaims at that time. Despite having already filed a responsive pleading, Appellant later filed a motion to dismiss. The court entered an order denying Appellant’s motion and, although Appellant had already filed an answer, granted Appellant twenty days to file a new responsive pleading.
Thereafter, Appellant filed another responsive pleading which largely mirrored her previous filing except that it added counterclaims for illegal consumer debt collection. The Bank moved to strike Appellant’s second answer, affirmative defenses, and counterclaims on the grounds that it was filed without leave of court. The court entered an order striking Appellant’s second responsive pleading and counterclaims. In its order, the court provided that Appellant’s original answer and affirmative defenses stood. The case proceeded to trial, concluding with judgment being entered in favor of the Bank. This appeal follows.
Appellant argues that her counterclaims were improperly stricken because the court’s order denying her motion to dismiss granted her leave to file a new responsive pleading. We agree because, however unnecessary it was for the trial court to grant leave to file another responsive pleading at that point in the proceedings, Appellant was given the right to do so. See Fla. R. Civ. P. 1.190(e); Fla. R. Civ. P. 1.170(f).
Accordingly, we reverse the order striking Appellant’s counterclaims and remand for reinstatement. As Appellant’s debt collections counterclaims request affirmative relief separate and independent of the foreclosure, the counterclaims can be tried separately. See Pearlman v. Nat’l Bank of New York City, 600 So.2d 5, 7 (Fla. 4th DCA 1992) (severance of foreclosure complaint for bench trial prior to jury trial on compulsory counterclaim is permissible); see also Fla. R. Civ. P. 1.270(b). Therefore, our decision does not impact the final judgment of foreclosure. Additionally, in reversing and remanding for reinstatement, we do not express an opinion as to the viability of the counterclaims.

Affirmed in part, reversed and remanded in part.

GROSS and TAYLOR, JJ„ concur.