CARROLL, DONALD K., Chief Judge.
The defendants in an action on a promissory note have appealed from an adverse final summary judgment entered by the Circuit Court for Volusia County.
The plaintiffs, James K. Osborn and Doris R. Osborn, his wife, filed their complaint on December 1, 1959, alleging that on or about July 29, 1959, the three defendants executed and delivered to the plaintiffs a promissory note in the amount of $10,000, payable in monthly payments of $150, including six per cent interest; that at the same time the defendants executed and delivered to the plaintiffs a mortgage deed encumbering certain properties in Volusia County, which deed contained a provision that, if the defendants failed to make each payment as it became due, the plaintiffs, at their option, could declare the aggregate sum of the said promissory note due and payable in full upon demand; that the defendants have failed to make any payments under the said note, and the plaintiffs, pursuant to the terms of the note and the mentioned provision of the mortgage deed, declare the sum of $10,000 due and payable to them by the defendants.
In their answer to the complaint the defendants admit the execution and delivery of the promissory note and mortgage deed, but deny the other allegations of the complaint.
Incorporated in the defendants’ answer is a counterclaim in which they allege that on or about July 29, 1959, the plaintiffs sold to the defendants a certain business located at the Holiday Harbor, 512 Dunlawton, Port Orange, Florida “together with the inventory, franchises, good ' will appertaining thereto, the right to use the name Holiday Harbor, and the business assets, furniture, fixtures, furnishing and equipment located at the above described premises.” The defendants further allege in their counterclaim that the plaintiffs represented that they were duly licensed and franchised dealers for Evinrude Motors, a division of Outboard Marine Corporation, which franchise was one of the principal reasons and considerations for the purchase of the said business by the defendants, yet almost immediately after the closing, on or about August 10, 1959, Evinrude Motors cancelled the said franchise because of violations thereof which had occurred prior to the sale of the said property by the plaintiffs to the defendants. The defendants then allege that the said violations and the intention of Evinrude Motors to cancel the franchise by reason thereof were well known to the plaintiffs, who deliberately, wilfully, and knowingly withheld this information from the defendants, knowing that the latter “were purchasing the business in reliance upon the exist *923 ence and continuation of existence of such franchise agreement.”
The defendants in their counterclaim also allege that the plaintiffs made other misrepresentations and breaches in the sales transaction.
In their answer to the counterclaim the plaintiffs admit the allegations concerning the sale of the business but generally deny the remaining allegations.
Pursuant to the provisions of Rule 1.36 of the 1954 Florida Rules of Civil Procedure, 30 F.S.A., the plaintiffs filed a motion for a summary judgment in their favor both on their complaint and on the defendants’ counterclaim. After a hearing on this motion and an examination of the proofs submitted by the parties, the Circuit Court entered such a summary judgment, which is appealed from herein. Following the language of the rule, the court held that “there is no genuine issue as to any material fact as to the liability of Defendants and the Plaintiffs are entitled to Summary Judgment against the Defendants as a matter of law.” In this summary judgment the court entered judgment against the defendants on the promissory note in the amount of $10,000, together with interest, attorney’s fees, and costs, and judgment against the defendants on their counterclaim.
The proofs before the court at the said hearing undoubtedly establish that the defendants executed the promissory note in question and that they had made no payment thereon as required by the terms of the note. However, those proofs also contain much evidence in support of the allegations in the counterclaim concerning the misrepresentations made by plaintiffs as to the Evinrude franchise. In this circumstance it was certainly error for the court to hold that the plaintiffs were entitled to a judgment on the defendants’ counterclaim “as a matter of law.”
While under some circumstances the entry of a partial summary judgment is permissible under the provisions of paragraph (d) of Rule 1.36, we think that the entire summary judgment appealed from should be reversed and the cause remanded for further proceedings looking toward the submission to a jury of the factual issues on both the complaint and the counterclaim.
The appellees in their brief concede, and, of course, the appellants contend, “that the Complaint and the Counterclaim were based upon one and the same transaction. * * *” Any fraud that may have been perpetrated by the plaintiffs to induce the defendants to execute the note upon which the plaintiffs sue in their complaint, surely permeated and infected the entire transaction.
We, therefore, conclude that the final summary judgment appealed from must be, and it is, reversed, and the cause is remanded for further proceedings consistent with the views herein set forth.
Reversed and remanded with directions.
WIGGINTON and RAWLS, JJ., concur.