330 So.2d 482 (1976)
DAVAR CORPORATION, Appellant,
v.
TROPIC LAND IMPROVEMENT CORPORATION, a Florida Corporation, Appellee.
No. 74-1131.
District Court of Appeal of Florida, Fourth District.
April 15, 1976.
*483 Michael D. Jones and Terry P. McMahan, of Jones & Jones, Altamonte Springs, for appellant.
Jesse E. Graham, of Graham, Markel & Scott, P.A., Winter Park, for appellee.
PER CURIAM.
Appellee sued to foreclose a mechanic's lien in the amount of $60,000 against appellant's property. Appellant alleged a set off in its answer as a result of various alleged breaches of contract by appellee. In addition, appellant counterclaimed for damages occurring as a result of appellee's breaches of the contract. Appellant also charged that a lien filed by appellee was so grossly exaggerated in amount as to constitute a fraudulent lien.
The trial court found there was no genuine issue of material fact regarding appellee's complaint and entered summary judgment thereon in favor of appellee for $8895.37, together with interest, costs, and attorney's fees. The counterclaim remains pending in the trial court.
The notice of appeal states the appeal is taken from the order denying appellant's motion for rehearing. But it is obvious from the assignment of error, appellant's brief, and the record on appeal that appellant intends to seek review of the final summary judgment for appellee rendered July 30, 1974. Accordingly, the notice of appeal is adequate for us to review the summary judgment in question. State ex rel. Poe v. Allen, Fla. 1967, 196 So.2d 745.
Our reading of the depositions and other evidentiary matters considered by the trial court convinces us that appellee was not entitled to a summary judgment. There are controverted questions of fact concerning appellee's right to recover, and if so, how much.
We also question the propriety of entering a final summary judgment for the plaintiff-appellee while a counterclaim remains undisposed of without at least staying execution thereon. To allow a plaintiff to recover judgment and have execution while a defendant's counterclaim remains undisposed of might well result in the plaintiff recovering on its claim without the ability to respond should the defendant recover on its counterclaim. We think the better practice in that situation would be to grant the motion for partial summary judgment on plaintiff's claim in a specific amount but withhold final judgment thereon until the outcome of the counterclaim is determined, or to grant plaintiff a final judgment but suspend execution thereon until the counterclaim is determined. See: Annot: Summary Judgment-Counterclaim, 8 A.L.R.3d 1361, §§ 5, 6(a). Cf. Netterville v. Osborn, Fla.App. 1st 1962, 139 So.2d 921.
*484 Accordingly, the summary judgment appealed from is reversed and the cause is remanded for further proceedings consistent herewith.
CROSS, OWEN and DOWNEY, JJ., concur.