343 So.2d 625 (1977)
Stephen ZANATHY and Reta Zanathy, Appellants,
v.
BEACH HARBOR CLUB ASSOCIATION, INC., Appellee.
No. 76-769.
District Court of Appeal of Florida, Second District.
January 21, 1977.
Rehearing Denied March 16, 1977.
*626 Lawrence J. Robinson, Steven J. Chase of Drymon, Robinson & Clark, Sarasota, for appellants.
Robert C. Widman of Nelson, Hesse, Cyril & Weber, Sarasota, for appellee.
BOARDMAN, Chief Judge.
Appellants/defendants, Stephen and Reta Zanathy, filed this timely appeal from a final judgment in favor of appellee/plaintiff, Beach Harbor Club Association, Inc.
Appellee brought suit for foreclosure of a lien and damages and for injunctive relief. Appellee alleged that appellants had not paid assessments due on units C-304, F-403 and E-312 of a condominium development and that the declaration of the condominium provided that appellee shall hold a lien on each unit for unpaid assessments against that unit. Reta and Stephen Zanathy jointly owned units C-304 and F-403, and Stephen Zanathy owned unit E-312 as trustee. Appellants answered the complaint admitting portions of the allegations, stating that they were without sufficient information to form a belief as to other allegations, and denying that the assessments claimed were owed. They also denied that maintenance assessments were made against unit E-312 from March through November, 1973, and asserted that the condominium declaration prohibited the commencement of foreclosure action more than two years after the date the unpaid assessment was made.[1] Appellants counterclaimed for monies advanced to appellee and for rent, damages for trespass and injunctive relief in regard to appellants' two carports. Appellee moved to strike appellants' pleadings based on the failure of Stephen Zanathy to submit to oral deposition. The trial judge granted the motion subject to any right appellants might have to a set-off.
Following trial the court awarded appellee $4,534.04 for assessments due on C-304 and F-403, attorneys' fees and court costs and an equitable lien on those units. Public sale of the property was ordered if the judgment were not satisfied within 10 days. The court directed appellants to remove their personal property from the storage rooms in Building F and other common elements of the condominium other than that authorized by the rules and regulations of the condominium association and to provide appellee access to the second floor storage room in Building F. The judge declined to rule on appellee's claim on unit E-312 and stated that "[a]ll matters undisposed of by this judgment in this action are transferred and consolidated with .." cases concerning related issues pending before Honorable Judge Evelyn Gobbie of the Circuit Court for the Twelfth Judicial Circuit.
The trial court is authorized to impose sanctions against a party to litigation who fails to obey a court order or to appear for deposition. Fla.R.Civ.P. 1.380(b), (d). We do not believe that under the facts and testimony presented to the trial judge it was an abuse of discretion to strike the pleadings as to Stephen Zanathy. Nonetheless we submit that it was error to strike the pleadings as to Reta Zanathy because she did not defy any court order and appellee did not attempt to take her deposition. The noncompliance of Stephen Zanathy is not chargeable to his co-party. Leatherby Ins. Co. v. Jones, 332 So.2d 139 (Fla. 3d DCA 1976).
It is not necessary in this case to remand for trial on the answer or defenses which were improperly stricken since Reta Zanathy was not prevented in fact from asserting any matter relative to her interests *627 which she had sought to raise by the pleadings. The affirmative defenses did not pertain to the storage rooms, and except for an averment that the assessments were not owed the defenses did not pertain to the units she owned jointly with her husband. Although Reta Zanathy had a right to raise the defense that the assessments claimed on her units were not owed, a review of the transcript of the proceedings reveals that this defense was given full consideration at the time of trial. Appellants conceded at trial that there were outstanding assessments against units C-304 and F-403 in the amount established by appellee. Appellants' counsel stated that the power of appellee to make assessments had been ruled on and disposed of by the court as a matter of law at some time earlier in the progress of this suit. The court's error in striking the pleading was harmless since it is clear that the ruling on Reta Zanathy's liability on the assessments was not affected by that error.
It is necessary however to provide an opportunity for Reta Zanathy to litigate the issues raised by the counterclaims that did affect her interests which she was prevented from pursuing. The trial court preserved two of appellants' claims, that is for monies advanced and rent due on the carports, to be raised as a potential set-off. In addition Reta Zanathy will be allowed to litigate the remaining two claims, that is for damages for trespass and injunctive relief regarding the carports, at the time the set-off is considered. Until these counterclaims are disposed of execution of the money judgment awarded by the trial court is stayed. See Davar Corp. v. Tropic Land Improvement Corp., 330 So.2d 482 (Fla. 4th DCA 1976.[2]
Accordingly the "matters undisposed of" transferred to Judge Gobbie by the final judgment include appellee's claim for a lien and assessments on unit E-312 and for attorneys' fees and the issues raised in the counterclaims referred to above.
REVERSED in part, AFFIRMED in part, and REMANDED for further proceedings consistent with this opinion.
SCHEB, J., and DANAHY, PAUL W., Jr., Associate Judge, concur.

ON PETITION FOR REHEARING AND CLARIFICATION AND PETITION FOR 
REHEARING
BOARDMAN, Chief Judge.
Upon consideration of the petition for rehearing and clarification filed by appellants and reply filed by appellee, and petition for rehearing filed by appellee and reply filed by appellants, we add the following to our original opinion to avoid any misunderstanding regarding the disposition of this appeal.
The trial court's award of attorneys' fees relative to Units C-304 and F-403 is affirmed. The "matters undisposed of" transferred to Judge Gobbie by the final judgment of the trial court include attorneys' fees for the litigation of appellee's claim for a lien and assessments on Unit E-312. In all other respects we adhere to our original opinion and both petitions are denied.
SCHEB, J., and DANAHY, PAUL W., Jr., Associate Judge, concur.
NOTES
[1] This action was commenced June 27, 1975. The earliest assessments claimed by appellee against units C-304 and F-403 were due in October, 1974, within the two-year limit. The earliest assessment claimed against unit E-312 was due in March, 1973. At trial appellee voluntarily withdrew its claims to assessments on unit E-312 for March, April and May, 1973, in effect admitting and conforming to one of appellants' defenses.
[2] "To allow a plaintiff to recover judgment and have execution while a defendant's counterclaim remains undisposed of might well result in the plaintiff recovering on its claim without the ability to respond should the defendant recover on its counterclaim." Davar Corp., supra, at 483. This observation is particularly appropriate to a condominium development involved in lengthy and complex litigation.