534 So.2d 426 (1988)
Clarence R. CARPENTER and Joan L. Carpenter, His Wife, Appellants,
v.
SUPER POOLS, INC., a Florida Corporation, Appellee.
No. 88-142.
District Court of Appeal of Florida, Fifth District.
November 23, 1988.
*427 Gavin D. Lee, Altamonte Springs, for appellants.
J. Don Friedman, of Friedman & Friedman, P.A., Longwood, for appellee.
COBB, Judge.
This is an appeal from a final judgment and order of distribution vacating a mechanic's lien foreclosure sale and disbursing funds posted by the appellant in lieu of sale. The appellees, Super Pools, Inc., allegedly contracted to supply materials and to install a swimming pool and hot tub on appellant Carpenter's property. Super Pools filed a two count complaint for mechanic's lien foreclosure and breach of contract. The Carpenters and a corporation not a party to this appeal were the named defendants. The Carpenters filed an answer with affirmative defenses alleging specific work items which were either not completed or defectively completed and in need of repair. In a counterclaim the Carpenters alleged Super Pools failed to perform under the contract and that the lien claim was fraudulent.
Super Pools filed a motion for summary judgment "on its complaint" omitting express reference to the Carpenters's affirmative defenses and counterclaim. A summary judgment styled as a "Final Judgment of Foreclosure" was granted in favor of Super Pools, and an appeal followed which was dismissed by this court without reaching the merits. Following the dismissal of the Carpenters' earlier appeal, Super Pools filed a motion for distribution of the bond funds which had been deposited in lieu of a foreclosure sale. The Carpenters filed a motion to stay execution to prevent the bond money from being released on the ground that their counterclaim was still pending, and because they had reason to believe Super Pools was out of business and potential injustice would therefore result. The Carpenters filed a timely notice of appeal from the final judgment and order of distribution of December 17, 1987. Although the notice of appeal refers only to the distribution order, this court may consider the earlier summary judgment where, as here, it is obvious from the points raised, the record, and the briefs that review of the summary judgment is sought. Davar Corp. v. Tropic Land Improvement Corp., 330 So.2d 482 (Fla. 4th DCA 1976).
Super Pools contends that the earlier dismissal of the Carpenters' first appeal precludes review here as the first dismissal operates as law of the case. This argument is unavailing on two grounds. First, there is no showing that the earlier appeal was dismissed on the merits. Secondly, Super Pool's reliance upon the doctrine of law of the case begs the threshold question of whether the Carpenters' counterclaim *428 was necessarily resolved by the prior appeal. Based on the language contained in the motion itself and the summary judgment styled as a final judgment of foreclosure it is apparent that Super Pool's motion for summary judgment "on its complaint" did not dispose of the Carpenters' counterclaim. See Redding v. Powell, 452 So.2d 132, 135 (Fla. 2d DCA 1984); Atrio Consolidated Industries, Inc. v. Southeast Bank, 434 So.2d 349 (Fla. 3d DCA 1983); Faussner v. Wever, 432 So.2d 100 (Fla. 2d DCA), review denied, 440 So.2d 351 (Fla. 1983); Netterville v. Osborn, 139 So.2d 921 (Fla. 1st DCA 1962). However, the motion and summary judgment did dispose of the Carpenters' affirmative defenses. Because the Carpenters' counterclaim was still pending, the court erred in entering the order of distribution. Reliance Forwarding Co. v. Nilson Van & Storage, 387 So.2d 513 (Fla. 5th DCA 1980); Davar Corporation at 483. The final judgment and distribution order are reversed, and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
DANIEL, J., and NORRIS, W.A., Jr., Associate Judge, concur.