COBB, Judge.
The issue on this appeal involves a final summary judgment in regard to promissory notes. The transaction which gave rise to the instruments was the sale of a real estate business from Michael Gaich (payee) to Heritage Real Estate and Development, Inc. and Dennis Blaeuer (makers).
The two promissory notes in question were executed on October 1, 1989 and the makers agreed to pay Gaich $75,355.00 and $175,829.00, with interest at the rate of 10% per annum. A payment schedule was contained therein with provisions for acceleration of the notes upon sale of the business prior to final maturity or upon default. It is clear that Gaich was the holder [1] of the notes in question and that these notes were negotiable instruments within the meaning of section 673.104, Florida Statutes (1989).
On March 31, 1992, Gaich filed an amended complaint against Heritage and Blaeuer claiming that they defaulted under the payment terms of the notes. Separate answers were filed by the appellants admitting to execution of the notes but denying the alleged amount of funds already paid.
Subsequently, Gaich moved for summary judgment. Heritage’s affidavit in opposition claimed that because of state tax liability which arose prior to the sale, Heritage was “entitled to set off any and all amounts ... against any sums due plaintiff under the notes.... ” At the hearing on summary judgment, Heritage and Blaeuer filed a motion to amend their answers in order to raise an affirmative defense of “set off” against amounts due on the notes. A motion to add a counterclaim against Gaich was also filed during the hearing claiming the same thing. The trial court granted summary judgment in favor of Gaich on the two notes and denied Heritage and Blaeuer’s motion to amend their answers, suggesting that matters which might lead to a set off could be raised in a separate action. In any event, the counterclaim was filed at that time.
Heritage and Blaeuer now contend that the counterclaim should have precluded entry of a summary judgment on the notes. As this court held in Reliance Forwarding Co. v. Nilson Van & Storage, 387 So.2d 513 (Fla. 5th DCA 1980), there are two ways to deal with a pending counterclaim. First, a trial court can enter partial summary judgment for a plaintiff and then take evidence on the counterclaim or, in the alternative, enter final summary judgment on the complaint but “stay” its execution pending resolution of the counterclaim. See also, Carpenter v. Super Pools, Inc., 534 So.2d 426 (Fla. 5th DCA 1988); FBA Corp. v. General Air Services, Inc., 479 So.2d 321 (Fla. 3d DCA 1985); Atrio Consolidated Industries, Inc. v. Southeast Bank, 434 So.2d 349, 350 n. 1 (Fla. 3d DCA 1983); Davar Corp. v. Tropic Land Improvement Corp., 330 So.2d 482 (Fla. 4th DCA 1976); § 673.3051(1)(c), Fla. Stat. (1992 Supp.). In Atrio, the Third District held that there was no error in the entry of a final summary judgment on a note and mortgage where a counterclaim was pending, since the trial court stayed judgment pending determination of the counterclaim.
Accordingly, we affirm the final summary judgment as to the notes and remand to the trial court for an order staying execution of this judgment until disposition of the counterclaim.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
GOSHORN, C.J., and DAUKSCH, J., concur.

. While a payee can be a holder in due course, Gaich could not be considered such. Where a buyer and seller are the only people involved, holder in due course doctrine has no relevance. The doctrine applies only to situations in which more than two parties are involved.