638 So.2d 544 (1994)
Francis E. HOWELL, Sr., and Myrian L. Howell, His Wife, Appellants,
v.
James P. MILLER and Esther Miller, His Wife, Appellees.
No. 93-02937.
District Court of Appeal of Florida, Second District.
May 13, 1994.
Rehearing Denied June 17, 1994.
Jon H. Anderson and J. Lenora King of Anderson & Artigliere, P.A., Lakeland, for appellants.
Peter R. Mayer, Lakeland, for appellees.
PARKER, Judge.
Francis E. Howell, Sr., and Myrian L. Howell appeal a summary final judgment which directed them to remove a fence from a portion of their property and enjoined them from impeding the use of an easement. We uphold the injunction but remand the matter for resolution of the counterclaim in the trial court.
James and Esther Miller sought a temporary and permanent injunction in the trial court against the Howells' interference with the Millers' use of an easement which crossed the Howells' property. The Millers and the Howells both own lots in a row of sixteen subdivision lots running from State Road 559 on the east to Lake Juliana on the west. All of these lots have a recorded perpetual nonexclusive thirty-foot road right-of-way easement, called Sunset Lane, across their southern edge. On the north side of at least thirteen of these lots, including those of the Howells and Millers, is a canal which empties into the lake. There is a recorded perpetual nonexclusive canal easement running from along the north side of thirteen of these lots from the beginning of the canal on the east to the lake on the west. The Howells' lot, which abuts the lake on its west side, is the last lot on the west end of all of the lots. The Millers' lot is located eight lots east of the Howells' lot.
The Millers filed this action for injunctive relief when the Howells erected a fence on the east side of their lot across Sunset Lane. The Howells filed a counterclaim, seeking a declaratory judgment of their rights under the easement and specifically questioned whether lot owners could use the easement for recreational purposes.
We agree with the trial court that the road right-of-way easement is clear and unambiguous and that the Howells are interfering *545 with the easement. We, therefore, uphold the injunction and affirm the trial court's summary judgment.
After a thorough review of the hearing transcript, we conclude that the trial court did not consider the Howells' counterclaim. During the hearing the trial judge stated, "I haven't addressed the issue of whether he can use it [the easement] to launch a boat or not because that's not before me. That's the next issue probably." After the court made this statement, the Howells' counsel failed to advise the court that the Howells' motion for summary judgment requested the court to enter summary judgment on the counterclaim and that they raised the scope of the easement in the counterclaim. We, accordingly, remand the matter for resolution of the counterclaim in the trial court.[1]
CAMPBELL, A.C.J., and FULMER, J., concur.
NOTES
[1] We are treating this appeal as an appeal of a nonfinal order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B). Even though the counterclaim remains pending, there is no reason to stay enforcement of the judgment because the trial court's resolution of the counterclaim would have no effect on the injunction. Cf. Davar Corp. v. Tropic Land Improvement Corp., 330 So.2d 482 (Fla. 4th DCA 1976) (court should suspend execution of judgment when a defendant may not be able to recover on pending counterclaim if he prevails).