WHATLEY, Judge.
Tooltrend, Inc., d/b/a C.M.T. Tools, appeals the dismissal with prejudice of counts one and two of its counterclaim and the entry of summary judgment on C.M.T. Utensili’s complaint. We affirm the dismissal of counts one and two of Tooltrend’s counterclaim without discussion. We also affirm the order granting summary judgment in favor of C.M.T.; however, we remand for the trial court to modify the execution of the summary judgment.
Tooltrend argues that it was improper to enter summary judgment in favor of C.M.T. while its counterclaim was pending. The trial court granted a partial summary judgment in favor of C.M.T. for damages in the amount of $297,014.08, plus prejudgment interest in the amount of $35,595.98. The court then stayed execution on the judgment, but only to the extent of $57,600, to cover possible damages awarded to Tooltrend in the counterclaim. The court reserved jurisdiction over that amount pending the resolution of the counterclaim. Tooltrend argues that this was improper because its counterclaim requested damages exceeding $57,600. We agree.
Courts have repeatedly held that, where summary judgment is granted for a plaintiff and a counterclaim remains pending, the trial court should stay the execution of the judgment pending the resolution of the counterclaim. See Howell v. Miller, 638 So.2d 544 (Fla. 2d DCA 1994); Carpenter v. Super Pools, Inc., 534 So.2d 426 (Fla. 5th DCA 1988); Zanathy v. Beach Harbor Club Ass’n, 343 So.2d 625 (Fla. 2d DCA 1977). In this case, there was testimony that the counterclaim was seeking damages for at least $80,000 to $100,000.
Accordingly, we remand this case to the trial court to either stay the execution of the judgment or take evidence regarding the amount of damages sought in the third count of the counterclaim and reduce the execution of the judgment by that amount. We note there may be an outstanding federal judgment that the trial court may consider on remand.
Affirmed in part and remanded.
ALTENBERND, A.C.J., and QUINCE, J., concur.