847 So.2d 1115 (2003)
MILLENNIUM GROUP I, L.L.C. and the Dock at Pensacola, Inc., Appellant,
v.
ATTORNEYS TITLE INSURANCE FUND, INC. and Dewitt DeWeese, Jr., Appellee.
No. 1D02-0631.
District Court of Appeal of Florida, First District.
June 19, 2003.
*1116 Lisa Minshew, Pensacola; and Connie Montgomery, Kenner, Louisiana, for appellant.
Bruce A. McDonald, of McDonald, Fleming, Moorhead, Ferguson, Green & Smith, LLP, Pensacola, for appellee.
WOLF, J.
We review an order granting summary judgment in favor of Dewitt DeWeese, Jr. as to a counterclaim which he filed and the partial final judgment allowing execution to issue against appellants. The dispute between the parties arises out of the sale of The Dock at Pensacola, Inc. ("The Dock"). Because we find that there are genuine issues of material fact relating to the affirmative defenses to the counterclaim, and that the trial court erred as a matter of law in allowing the execution of judgment to be entered without resolving the issue of whether there were damages arising out of appellant's original claim, we reverse and remand.
Appellant, Millennium Group I, L.L.C. ("Millennium") filed suit against the appellee, Dewitt DeWeese ("DeWeese") alleging that DeWeese had made fraudulent misrepresentations regarding the title of The Dock.[1] In response, DeWeese filed an answer, affirmative defenses, and counterclaim alleging that Millennium had executed and delivered a promissory note in the amount of $200,000 plus interest which Millennium failed to pay.
Subsequently DeWeese filed a motion for summary judgment on his counterclaim, along with an affidavit and proof of indebtedness. After a hearing on the motion for summary judgment, the trial court rendered an order in favor of DeWeese on *1117 his counterclaim. The trial court entered a partial final judgment allowing execution to issue in the amount of the note, with interest.
Regarding the execution, courts have repeatedly held that where summary judgment is granted for one party and a counterclaim (or in this case the original claim) remains pending, the trial court should stay the execution of the judgment pending the resolution of the remaining claim. See Tooltrend, Inc. v. C.M.T. Utensili, S.r.l., 707 So.2d 1162 (Fla. 2d DCA 1998); Howell v. Miller, 638 So.2d 544 (Fla. 2d DCA 1994); Carpenter v. Super Pools, Inc., 534 So.2d 426 (Fla. 5th DCA 1988); Zanathy v. Beach Harbor Club Ass'n, Inc., 343 So.2d 625 (Fla. 2d DCA 1977). Here, the trial court erred in allowing the execution of the judgment without resolving the issue of whether DeWeese was liable for damages on appellant's claim of fraudulent misrepresentation.
We also find that the trial court erred in granting partial summary judgment on DeWeese's action for indebtedness. Here, Millennium asserted fraud as an affirmative defense to DeWeese's counterclaim. See Hinton v. Brooks, 820 So.2d 325 (Fla. 5th DCA 2001) (reversing judgment on foreclosure; holding purchaser's affirmative defense of fraud in the inducement was not barred by economic loss rule); Norris v. Paps, 615 So.2d 735 (Fla. 2d DCA 1993). The facts in Paps are similar to this appeal. There, the mortgagor filed an action for foreclosure and the mortgagee filed a counterclaim for fraud. The appellate court reversed the judgment entered for the mortgagor because the trial court had erred in failing to address the claims of fraud:
By severing the counterclaim in this case, the court either determined the factual issues of fraud without evidence and without a jury, or it entered a final judgment for the plaintiff before it resolved the affirmative defense of fraud. Either option would be error.
Since the trial court could not sever the affirmative defense of fraud from this foreclosure action, it is obvious that a judgment on the pleadings was not warranted. In reviewing such a judgment, all material allegations of the opposing party are taken as true, and all those of the moving party that have been denied are taken as false. The court is not permitted to consider any matter outside the pleadings.
Id. at 737 (citations omitted).
Based on the deposition testimony of Jan Scruggs, Millennium's sole stockholder, there is a factual issue as to whether DeWeese knew or should have known about the title defects despite DeWeese's representations to the contrary to Millennium. There is also an issue of whether Millennium incurred any damages as a result of the title defects or the fraudulent misrepresentation. Because issues of fact remain as to the affirmative defenses in appellant's original claim, we reverse the order granting summary judgment as to the counterclaim and subsequent execution. See Moultrie v. Consolidated Stores Int'l. Corp., 764 So.2d 637 (Fla. 1st DCA 2000) (noting that the party moving for summary judgment must demonstrate conclusively that no genuine issues exist as to any material fact, even after all reasonable inferences are drawn in favor of the party opposing the summary judgment).
REVERSE AND REMAND.
BARFIELD and DAVIS, JJ., concur.
NOTES
[1] Attorneys Title Insurance Fund, Inc. was voluntarily dismissed from this action.