PER CURIAM.
Appellant, Aaron C. Hartzog, Jr., received skilled services provided by a physician in October 1999, and therefore, he received “remedial treatment or attention” as defined by the relevant workers’ compensation statute in effect at the time he was injured, section 440.19(l)(c), Florida Statutes (1991).[1] As such, under the specific facts of this case, the Judge of Compensation Claims erred in denying appellant’s claim based on the statute of limitations, section 440.19(l)(b), Florida Statutes (1991).
We reverse and remand for further proceedings consistent with this opinion.
BARFIELD, WOLF and DAVIS, JJ., concur.

. This section was substantially and materially amended effective January 1, 1994. See Ch. 93-415, § 23 at 135-136, Laws of Fla. We note that it is unlikely that appellant's Octo-her 1999 visit would qualify as "remedial treatment” under the post-1994 workers' compensation statute. See § 440.19(2), Fla. Stat. (Supp.1994).