PER CURIAM.
 

 In this petition for writ of certiorari, Petitioner argues the trial court’s partial summary judgment for monetary damages should be quashed on two grounds. In particular, Petitioner asserts the trial court departed from the essential requirements of law, causing material injury, not remediable on appeal by (1) entering a summary judgment concerning the parties’ settlement agreement where a material issue of fact existed as to the correct interpretation of that agreement; and (2) including the language “upon which let execution issue” in the partial summary judgment. We decline to address Petitioner’s first issue because the correct interpretation of the parties’ settlement agreement may be addressed on appellate review after all matters have been adjudicated. Respondent concedes, and we agree, however, that the trial court’s inclusion of the execution language departed from the essential requirements of the law and caused a material injury that cannot be remedied on appellate review.
 
 See Millennium Group I, L.L.C. v. Attorneys Title Ins. Fund, Inc.,
 
 847 So.2d 1115, 1116-17 (Fla. 1st DCA 2003) (holding trial court erred as matter of law by letting execution issue on defendant’s counterclaim when original claim remained pending);
 
 Baumann v. Intracoastal Pac. Ltd. P’ship,
 
 619 So.2d 403, 404 (Fla. 3d DCA 1993) (holding partial summary judgment order directing disbursement of funds before disposition of all matters was improper). Accordingly, we GRANT Petitioner’s petition, in part, and QUASH the portion of the trial court’s partial summary judgment which allows execution to issue on the judgment.
 

 KAHN, BENTON, and CLARK, JJ, concur.