# Third District Court of Appeal

## State of Florida

Opinion filed April 6, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2270
Lower Tribunal No. 13-27767
_____

**Bertha L. Sieber,**
Appellant,

vs.

**Anselmo Tavares Gil,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Rennert Vogel Mandler & Rodriguez, P.A., and Jason R. Block and Thomas S. Ward, for appellant.

De Varona Arango & Weinstein LLC, and Mark L. Weinstein (Cooper City), for appellee.

Before EMAS, LOGUE and SCALES, JJ.

SCALES, J.

Appellant and defendant below, Bertha Sieber ("Sieber"), appeals the trial court's non-final order directing immediate disbursement of proceeds from the sale of partitioned property to pay non-final, attorney's fee orders rendered during the petition proceedings. Because Sieber's counterclaims, which remain pending, arise out of the same Tenancy-In-Common Agreement (the "Agreement") that formed the basis of the partition action by Appellee and plaintiff below, Anselmo Tavares Gil ("Gil"), we reverse the distribution order, and direct Gil to return any distributed funds.

**I. Facts**

In 2011, Sieber and Gil together purchased a condominium unit in Miami (the "Property"). The parties executed the Agreement to evidence each party's ownership interest in the Property, and "to provide for the orderly management and operation of the Property."

The Agreement provided that Gil owned a sixty percent interest in the Property, while Sieber owned a forty percent interest. The Agreement allowed Sieber occupancy for two years after Gil completed a renovation of the Property.

The Agreement allowed for either party to seek judicial partition of the Property. In August of 2013, Gil filed suit to partition the Property. In addition to partition, Gil sought rent from Sieber's occupancy of the Property after June 30,

2013, the date by which Sieber's two-year occupancy in the Property allegedly ended.

Sieber counterclaimed for declaratory relief, breach of contract, and for specific performance. Sieber's counterclaims sought entitlement to exclusive possession of the Property, damages as a result of Gil's alleged breach of the Agreement, and a judgment requiring Gil to specifically perform certain obligations of the Agreement. Sieber alleged, among other things, that Gil never completed renovation of the Property.

In February of 2015, the trial court entered an order styled, "Order Granting Plaintiff's Motion For Summary Judgment of Partition and Setting Sale Date" (the "Summary Judgment Order"). The Summary Judgment Order specifically adjudicated Gil's partition claim and Sieber's affirmative defenses thereto, but did not adjudicate Sieber's counterclaims.[1] The trial court made a factual finding that, based on an appraisal, the fair market value of the Property was $450,000. The trial court scheduled a partition sale and determined that Gil was the prevailing party on the partition action and, therefore, was entitled to attorney's fees pursuant to the Agreement.

---

[1] While not clear from the record, it appears that the Summary Judgment Order also did not adjudicate Gil's claim seeking rent from Sieber's occupancy of the Property.

In March of 2015, Sieber filed a petition for writ of certiorari with this Court, seeking to have the Summary Judgment Order quashed (case number 3D15-658). In her petition Sieber suggested that, if certiorari review of the Summary Judgment Order were unavailable, then this Court should treat Sieber's petition as an appeal pursuant to Rule 9.130(a)(3)(C)(ii). Gil responded by filing both a motion to dismiss and a response to Sieber's petition. In both of these filings, Gil asserted that the Summary Judgment Order was a non-final, non-appealable order, and that significant judicial labor remained to be conducted.[2] We dismissed Sieber's petition, entered an order granting Gil's motion for entitlement to appellate attorney's fees, and remanded the determination of the amount of such fees to the trial court. Sieber v. Gil, No. 3D15-658 (Fla. 3d DCA April 22, 2015).

While Sieber's petition was pending with this Court, the trial court entered an order awarding Gil $88,891.35 in attorney's fees for the partition action; and, via separate order, the trial court awarded Gil $18,750 in fees related to Sieber's petition proceedings in this Court.[3]

---

[2] We note that Gil's counsel in case number 3D15-658 is not Gil's counsel in these proceedings.

[3] In this appeal, Sieber challenges the processes undertaken by the trial court to determine the amount of the fees that Gil was awarded. Specifically, Sieber asserts that Gil erroneously represented to the trial court that Sieber had no objections to the amount of fees sought by Gil. Because the two interlocutory attorney's fee orders entered by the trial court were not final, appealable orders (*see* Analysis *infra*), we need not, and do not, reach this issue. Our determination in this regard is without prejudice to Sieber challenging these interlocutory attorney's fee orders

4

The partition sale was held in July of 2015, and Gil was the winning bidder. After deducting Gil's credit bid and the costs associated with the sale, the remaining funds were deposited into Gil's counsel's trust account. In August of 2015, Gil filed a motion seeking an order authorizing Gil's counsel to disburse $107,641.35 – the combined amount of the two fee orders – to Gil. On September 17, 2015, the trial court conducted a hearing on Gil's motion and entered the order on appeal that authorized disbursement of the $107,641.35, and ordered that the "[r]emaining funds shall be preserved."

Sieber appeals this disbursement order.

## II. Standard of Review

The issue in this case is whether the trial court prematurely entered the disbursement order prior to adjudicating Sieber's pending compulsory counterclaims. The issue involves a pure question of law and, therefore, we review the disbursement order de novo. Bosem v. Musa Holdings, Inc., 46 So. 3d 42, 44 (Fla. 2010).

## III. Analysis

We have little trouble in determining that the Summary Judgment Order was not a final, appealable order. The order did not end judicial labor in the matter, and, as argued by Gil in response to Sieber's earlier petition proceeding before

upon plenary appeal.

this Court, significant issues remained to be adjudicated in the case. <u>Molina v. Watkins</u>, 824 So. 2d 959, 964 (Fla. 3d DCA 2002).

We also note that Gil's partition claim and Sieber's counterclaims plainly involve the same underlying transaction and occurrence and, therefore, Sieber's pending counterclaims are compulsory. <u>See</u> <u>Del Rio v. Brandon</u>, 696 So. 2d 1197, 1198 (Fla. 3d DCA 1997). It was error to allow Gil to execute on those interlocutory attorney's fee orders – whose execution the disbursement order plainly accomplished – prior to resolution of Sieber's compulsory counterclaims. <u>Heritage Real Estate & Dev. Co. v. Gaich</u>, 620 So. 2d 1118, 1119 (Fla. 5th DCA 1993). The trial court's disbursement order requiring that "remaining funds shall be preserved" does not cure the premature disbursement. Without an adjudication of the pending compulsory counterclaims (and their accompanying attorney's fee claims), there was no final judgment upon which to base any execution.

The practical rationale for prohibiting premature execution (i.e., execution without a final judgment) is demonstrated in this case. If Sieber's compulsory counterclaims are successful, and Sieber is entitled to fee recovery on those counterclaims, the final distribution of partition proceeds (the final judgment) will be affected.[4] Indeed, it is possible that, after an adjudication of all claims, Sieber would be entitled to a greater recovery of partition proceeds than Gil.

---

[4] We express no opinion on the merits of Sieber's counterclaims.

In any event, this case requires additional judicial labor prior to the entry of a final judgment, and execution is generally improper until a final judgment has been entered in a case.

**IV. Conclusion**

We reverse the trial court's disbursement order, and order Gil and his counsel to return any proceeds disbursed by virtue of that order to Gil's counsel's trust account. We remand for proceedings consistent herewith.

Reversed and remanded.