STEPHENSON, Associate Judge.
This case is before the court on an interlocutory appeal. The plaintiffs and the cross-defendant below are the appellants, and the defendant below is the appellee.
The appeal is taken from an order denying plaintiffs’ motion for summary final decree and, also, from court’s order denying cross-defendant’s motion to dismiss.
The plaintiffs filed a suit in two counts to foreclose first and second mortgages on property owned by the defendants, Clark. On motion of said defendants, an order was entered by the trial court joining Sunshine Mortgage Company, Inc. as cross-defendant.
The defendants, in their answer, admit the execution of the mortgage and their failure to pay principal and interest although the due date thereof had passed, but deny their indebtedness and deny that plaintiffs’ mortgages are superior to defendants’ interest; setting up a defense of usury. Defendants, in their answer, allege that the loans were obtained through cross-defendant, Sunshine Mortgage Com-' pany, who was the agent of the plaintiffs; *814 and that the plaintiffs had been required to pay a brokerage fee, all or a part of which was a bonus for the benefit of plaintiffs and, therefore, the interest exacted was over 25% and that said usury was knowingly and willfully charged.
The answer also set up that the defendants responded to advertisements of cross-defendant for the purpose of obtaining long term financing for construction purposes; that the cross-defendant represented that long term financing could not be arranged for construction purposes but that if defendant executed short term construction mortgages, then the cross-defendant would provide permanent long term financing before maturity of the construction loans. ■
Defendants further allege that the representations made by cross-defendant were false and fraudulent and were known by cross-defendant to be false and fradulent at the time they were made.
The cross-complaint asked that the cross-defendants be required to provide the defendants with long term financing sufficient, to refinance the mortgages sought to be foreclosed, or, in the alternative, to decree a judgment in favor of the defendants and against the cross-defendant sufficient to compensate the defendants for their loss.
The cross-defendant entered a motion to dismiss the cross-complaint on the grounds that it failed to state a cause of action upon which relief could be granted.
Both mortgages in this case call for a 10% interest on the full amount for the full time and as it appears that the first mortgage provides for disbursements only as construction progresses, it cannot be'said that there is no genuine issue of material fact when the affidavits and pleadings are all considered; nor can we say at this time' that the trial court was in error in denying cross-defendant’s motion. Ip dismiss. •. . - ■ .■ ,..,
The order of the trial court entered on August 7, 1957 is therefore affirmed.
KANNER, C. J., and ALLEN, J., concur.