327 So.2d 830 (1976)
FIRST MORTGAGE INVESTORS, a Massachusetts Business Trust, Appellant,
v.
BOULEVARD NATIONAL BANK OF MIAMI, a National Banking Association, Appellee.
No. 75-590.
District Court of Appeal of Florida, Third District.
February 24, 1976.
Lapidus & Hollander, Miami, for appellant.
Paul, Landy, Beiley & Yacos and Huber R. Parsons, Jr., Miami, for appellee.
*831 Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
First Mortgage Investors, a Massachusetts business trust, herein sometimes referred to as FMI, gave to Boulevard National Bank of Miami a promissory note for $300,000.00 payable in ninety days, with no interest provided for. After the note became due and was not paid, the bank filed an action to recover thereon. The defendant maker filed an answer and counterclaim in which several affirmative defenses were set forth, including a defense of usury, averring the bank had withheld as interest an amount in excess of $50,000.00.[1]
The plaintiff filed a motion for summary judgment, supported by an affidavit of its president stating that the note was given to evidence a loan of $300,000.00 by the bank to FMI; that on the due date of the note $300,000.00 became due and payable thereon; and further stating that on a certain date (approximately one year after the date of the note) the bank had "set off" $60,000.00 of the indebtedness, leaving $240,000.00 due, with interest at 6% per annum from the date of the demand.
In opposition to the motion for summary judgment, the defendant filed an affidavit of its senior vice-president, in which he stated he had personal knowledge of the transaction; that it did not represent a loan of $300,000.00 by the bank to FMI; and that the difference between the face amount of the note and the principal actually lent (which the answer had averred amounted to more than $50,000.00) was interest charged by the bank for the loan.
At the hearing thereon the court struck the defendant's affidavit on motion of the plaintiff and "sua sponte"; and, holding there was no genuine issue as to any material fact and that the plaintiff was entitled to judgment as a matter of law, entered summary judgment for the plaintiff for $240,000.00, with interest at the legal rate from the date of the note.[2]
On this appeal therefrom by the defendant it is contended the court erred by striking the defendant's affidavit, and by entering summary judgment for the plaintiff. We find merit therein, and reverse.
We hold the court erred in striking and disregarding the defendant's affidavit. In doing so the court held the affidavit should be disregarded as not in compliance with the requirements of Rule 1.510(e), F.R.C.P. because it was not made on personal knowledge; did not set forth such facts as would be admissible in evidence or show that the affiant would be competent to testify to matters stated therein; and holding that the contents of the affidavit did not present facts creating a triable issue.
To those holdings of the trial court respecting the defendant's affidavit we cannot agree. The affiant stated under oath that he had personal knowledge of the transaction. This was not an instance where the affiant was so situated with reference to the transaction that he could not have had personal knowledge of the matters *832 involved. On the contrary, as senior vice-president of the defendant business trust it would not be illogical or inconsistent that he should or could have personal knowledge of a transaction of that magnitude by the trust, as he stated he had. The affiant's statement that not all of the face amount of the note was received would be admissible in support of the defense of usury pleaded in the answer, and we are unable to observe why a senior vice-president of the business trust, having personal knowledge of the loan transaction, would not be competent to testify in relation to the facts of the loan.
The merit of the appeal by FMI does not depend upon the contents or validity of the affidavit it submitted. Without regard to the defendant's affidavit, the trial court was in error in holding there was no genuine issue of material fact. The affirmative defense of usury was not dispelled by the plaintiff on its motion for summary judgment.
The plaintiff's supporting affidavit was not directed to the answer, or to any affirmative defense therein. This is so because the plaintiff's motion for summary judgment and its affidavit (served and filed together) preceded the serving and filing of the defendant's answer and counterclaim. Those pleadings and papers of the parties were filed on the same date, and the record shows, from the dates of service of the copies, that they crossed in the mail.
In order to be entitled to summary judgment it was incumbent upon the plaintiff to overcome the affirmative defense by presenting evidence sufficient to demonstrate conclusively that the issue of usury, raised by answer, was not present. Williamson v. Clark, Fla.App. 1957, 98 So.2d 813; Emile v. First National Bank of Miami, Fla.App. 1961, 126 So.2d 305; Jenkins v. Graham, Fla.App. 1970, 237 So.2d 330; Stringfellow v. State Farm Fire & Casualty Co., Fla.App. 1974, 295 So.2d 686; Holl v. Talcott, Fla. 1966, 191 So.2d 40, Opinion on Rehearing, at 47-48. On motion for summary judgment, if the evidence raises any doubt on an issue of material fact, or is such as will permit different reasonable inferences bearing on the existence of such an issue, summary judgment is not proper. Holl v. Talcott, supra; O'Grady v. Wickman, Fla.App. 1968, 213 So.2d 321, 324; Dickenson v. Allen, Fla. App. 1968, 215 So.2d 747, 749.
Here the affidavit of the president of the plaintiff bank stated that $300,000.00 was due on the due date of the note, from which it could be inferred he represented that the transaction was a loan of $300,000.00. His affidavit then stated that sometime later the bank had "set off" the debt to the extent of $60,000.00, and then claimed only $240,000.00 was due under the note. The transaction involving the "set off" was not explained. Its application, if any, to the usury defense in the "subsequent" answer, was unclear and ambiguous. Consistent with the defendant's answer, it appeared to concede that the full amount of the collectible loan was not $300,000.00. At most, conflicting inferences were raised thereby as to whether the face amount of the loan had been advanced. Clearly, the issue as to usury raised by the defendant's answer was not eliminated or dispelled by the plaintiff's affidavit. Holl v. Talcott, supra, (Opinion on Rehearing, 191 So.2d at 47).
The summary judgment is reversed, and the cause is remanded for further proceedings.
NOTES
[1] "4. The note set forth as Exhibit A of the Amended Complaint shows, on its face, a principal amount in the sum of $300,000.00. However, Plaintiff lent and disbursed to Defendant less than the principal amount of the note and took back from the proceeds actually disbursed a discount or bonus in excess of $50,000.00. As a result, Plaintiff has knowingly, willfully, and intentionally reserved, charged, taken and exacted from Defendant for the loan represented by the note set forth in Exhibit A, a rate of interest greater than 25% per annum in violation of the usury laws of the State of Florida [Chapter 687, Florida Statutes, F.S.A.]. The loan represented by the note sued upon was usurious, unlawful and unenforceable and there is no principal or interest due to Plaintiff."
[2] After remand, if judgment is entered on the note or for any amount thereof, reconsideration should be given to the time for commencement of an obligation to pay legal interest.