567 So.2d 958 (1990)
Dick DYKES, Paul A. Williams, Hugh W. Curfman, F.M. Gonzalez, Ronald T. Ullenberg, Anna M. Wood, Dan E. Martens, Beverly H. Blount and Hem C. Gupta, Petitioners,
v.
TRUSTBANK SAVINGS, F.S.B., f/k/a Dominion Federal Savings & Loan Association, Respondent.
No. 90-01255.
District Court of Appeal of Florida, Second District.
September 19, 1990.
Rehearing Denied October 10, 1990.
Thomas R. Grady of Paulich, O'Hara, Slack & Menzies, Naples, for petitioners.
Barry D. Hunter and Christopher J. Klein of Paul, Landy, Beiley & Harper, P.A., Miami, for respondent.
PER CURIAM.
The petitioners seek a writ of certiorari to order the trial court to stay the respondent's foreclosure action until the petitioners' class action in federal court is resolved. Because the trial court's actions, as will be explained below, effectively deny the petitioners of their right to a jury trial, we have jurisdiction. See Magram v. Raffel, 443 So.2d 396 (Fla. 3d DCA 1984).
The petitioners have allegedly defaulted on purported mortgages given in exchange for investment securities in the form of luxury condominium hotel units that were to be built within two years. Respondent filed complaints against each of the petitioners to foreclose the mortgages on these hotel units and to obtain deficiency judgments on the balances due. The trial court consolidated the individual cases.
*959 The petitioners' affirmative defenses to the foreclosure actions challenge the respondent's ownership of the notes and mortgages and seek to void the entire transaction on the grounds of, among other things, fraud and failure of consideration. The petitioners' counterclaims raise these same issues and also seek damages in tort and for alleged violations of certain federal and state statutes. Additionally, the petitioners have demanded a jury trial on all issues in the counterclaims which are triable by a jury. These defenses and counterclaims are similar or identical to a class action complaint the petitioners filed previously in federal district court.
Pursuant to a motion filed by respondent, the trial court severed the petitioners' affirmative defenses and counterclaims and stayed those claims until resolution of the federal class action. The trial court ordered that the respondent's foreclosure action would proceed to conclusion, with the exception of the claims for deficiency judgments. The order provided that the petitioners could amend their affirmative defenses to raise issues not related to the issues raised in the federal action. The petitioners then filed a notice of appeal to this court, which we have treated as a petition for writ of certiorari. They contend that the trial court should have stayed the entire foreclosure action pending resolution of the federal action.
Both parties agree, as do we, that the trial court was correct in staying and severing the counterclaims from the foreclosure action. See § 702.01, Fla. Stat. (1987); Wade v. Clower, 94 Fla. 817, 114 So. 548 (1927). We conclude, however, that the trial court departed from the essential requirements of the law in allowing the foreclosure action to proceed before a jury trial on the counterclaims.
In Adams v. Citizens Bank of Brevard, 248 So.2d 682 (Fla. 4th DCA 1971), the district court held that the trial court erred in proceeding with the plaintiff's foreclosure action before a jury trial was held on the defendant's legal counterclaim where the initial action and counterclaim involved issues that were sufficiently similar that a determination by the first fact finder would necessarily bind the latter. The court reasoned:
[W]here the compulsory counterclaim entitles the counter-claimant (upon timely demand) to a jury trial on issues which are sufficiently similar or related to the issues made by the equitable claim that a determination by the first fact finder would necessarily bind the later one, such issues may not be tried nonjury by the court since to do so would deprive the counter-claimant of his constitutional right to trial by jury.
Id. at 684. We can discern no reason why this principle should not apply in this case.
To grant a judgment of foreclosure in favor of the respondent, the trial court would have to find, among other things, that the respondent owned the mortgage and had performed all conditions precedent, if any, to enforce the mortgage. See generally 37 Fla.Jur.2d Mortgages and Deeds of Trust § 287 (1982). If the foreclosure action were to proceed to judgment in favor of respondent, then a jury would be bound by these findings of fact, which facts are inextricably interwoven with the issues presented by the petitioners' affirmative defenses and counterclaims. Thus, to allow the foreclosure action to proceed before the petitioners' legal counterclaims would deny them their right to a jury trial, which they have demanded, on those issues.
We do not agree with respondent's argument that a judgment of foreclosure on the titles to the hotel units would not impair the petitioners' defenses against foreclosure on the notes and mortgages. To allow respondent to take title to the hotel units in the foreclosure action, the trial court would have to determine that the notes and mortgages were valid and owned by the respondent. Because these issues are central to the petitioners' affirmative defenses and counterclaims, we cannot accept the contention that they would somehow be preserved if respondent were permitted to proceed on its foreclosure action. While we sympathize with respondent's contention that a stay of the foreclosure *960 action will force it to wait until after the federal action is decided in order to "pursue its collateral," i.e. title to the hotel units, this consideration cannot be determinative of our resolution of the matter.
Further, we have found no case, statute or rule that would allow a trial court to sever and stay an affirmative defense to a cause of action. This is not a case where an affirmative defense has been stricken as a sham pleading or as a sanction for a discovery violation. See Fla.R.Civ.P. 1.150 and 1.380.
Accordingly, we grant the petition and issue the writ of certiorari to the trial court with directions to vacate that portion of its order which has allowed the foreclosure action to proceed without the affirmative defenses and counterclaims, and for further proceedings not inconsistent with this opinion.
FRANK, A.C.J., and PARKER and PATTERSON, JJ., concur.