617 So.2d 729 (1993)
PLANTATION VILLAGE LIMITED PARTNERSHIP OF SANIBEL, a Florida limited partnership, Jerry J. Marek, General Partner and Individually, Harry A. Marek, General Partner and Individually, Plantation Village Associates of Sanibel, Inc., a Florida corporation, Audrey A. Marek and Dianne E. Marek, Appellants,
v.
William C. AYCOCK, Susan H. Aycock, Robert O. Blankenship and Audelia G. Blankenship, Appellees.
No. 92-02866.
District Court of Appeal of Florida, Second District.
March 19, 1993.
Rehearing Denied May 5, 1993.
Robert P. Henderson of Simpson, Henderson, Savage & Carta, Fort Myers, for appellants.
John Jay Watkins of Watkins & Ramunni, P.A., LaBelle, for appellees.
RYDER, Acting Chief Judge.
Appellants challenge the trial court's summary final judgment of foreclosure. *730 We agree that appellants' affirmative defense of usury creates a factual dispute that may not be resolved by summary judgment. Accordingly, we reverse.
Appellants are the owners and developers of a partially completed oceanfront condominium project located on Sanibel Island, Florida. This lawsuit concerns the second condominium building.
While the second building was under construction, the balance of the underlying land acquisition mortgage became due and payable. Because it was in default and foreclosure was proceeding, appellants sought financing alternatives. The appellees agreed to loan the appellants $900,000.00 to be secured by a promissory note and mortgage on the property. The proceeds of the loan were to be used to pay off the existing first mortgage and for part of the construction costs. The loan secured by the note and mortgage bore interest on its face at the rate of 25% per annum.
The parties recognized that the loan proceeds would be insufficient to complete construction and that it would be necessary for the developers and owners to obtain a construction loan. Accordingly, the appellees agreed that once a construction loan had been obtained by the appellants, they would subordinate their first mortgage and note to such construction loan. The appellees assert that the mortgage provided that the mortgagor will proceed to complete construction, showing that the parties also contemplated continuing construction even if no construction loan could be obtained.
The parties contemplated that the loan transaction would be closed on January 4, 1991, but it was not closed until January 17, 1991. Nevertheless, appellees required that interest be paid beginning and calculated from January 4, 1991. Appellees accepted the interest payment for the period commencing January 4, 1991.
At the January 17 closing, the appellees advised that they were unwilling or unable to fully fund the loan, but instead provided cash in the amount of $793,933.00; an assignment of a mortgage with a stated value of $45,486.75 to be paid after the closing of the loan transaction; an assignment of a certain commission with a stated value of $27,920.25; and certain real property on Pine Island, Florida with a stated value of $32,600.00. The parties negotiated and agreed to the stated values of these items. The proceeds of the assigned mortgage were not paid to appellants until January 31, 1991. The commission assignment was not paid.
After closing on the first mortgage, appellants obtained from appellees a second loan in the amount of $70,000.00 which was also secured by a mortgage. It was not subject to the agreement to subordinate, and appellants have not alleged that it contains any usurious provisions.
During the spring of 1991, the appellants negotiated a construction loan in an amount sufficient to complete construction of the project and advised appellees of the terms and conditions of the loan and of the necessity that they, as previously agreed, subordinate their existing first mortgage. Appellants alleged that despite repeated assurances made by the appellees that the terms and conditions of the loan were acceptable, when the necessary documents were prepared, the appellees wrongfully refused to execute the subordination agreements. Consequently, the appellants defaulted in their monthly mortgage payments.
The appellees counter that the proposed construction loan agreement allowed disbursements to appellants and did not require the lender to complete the project. The appellees also contend that the appellants defaulted under the terms of the notes and mortgages by failing to make the payments when due, by failing to pay the 1990 and 1991 property taxes, by failing to proceed to complete construction and by creating further encumbrances and doing acts which might have given rise to a lien on the property without appellees' consent.
The appellees filed their foreclosure complaint on or about September 4, 1991. The appellants answered, pleading the affirmative defense of usury, and counterclaimed on the ground of usury to cancel the promissory note and mortgage. The counterclaim also pleaded breach of contract and *731 misrepresentation. At no time prior to the filing of the usury defense did appellees notify the appellants of any usurious overcharge or refund the amount of any overcharge.
After the appellees moved for summary final judgment and affidavits were filed by both parties, a hearing was held. The trial court granted the summary final judgment and later denied appellants' motion for rehearing and motion to stay.[1] This appeal ensued.
Appellants' affirmative defense of usury is predicated upon the closing delay, the even later payment of the assigned mortgage and the nonpayment of the commission assignment. As a result, appellants urge that the resulting interest payment exceeded the legal amount allowed by chapter 687, Florida Statutes (1991).
Criminal usury is the willful and knowing charge or receipt of interest at a rate exceeding 25% per annum. § 687.071(2), Fla. Stat. (1991). The four requisites of a usurious transaction are, (1) an express or implied loan; (2) an understanding between the parties that the money lent shall be returned; (3) a greater rate of interest than is allowed by law shall be paid or agreed to be paid for such a loan, as the case may be; and (4) a corrupt intent to take more than the legal rate for the use of the money loaned. Dixon v. Sharp, 276 So.2d 817, 819 (Fla. 1973).
In the instant case, the focus is on the issue of corrupt intent. The question of intent is to be gathered from the circumstances surrounding the entire transaction. River Hills, Inc. v. Edwards, 190 So.2d 415 (Fla. 2d DCA 1966). The requisite or purposeful intent, however, is satisfactorily proved if the evidence established that the charging or receiving of excessive interest was done with the knowledge of the lender. 190 So.2d at 424. Generally, the question of intent is one of fact. Rebman v. Flagship First National Bank of Highlands County, 472 So.2d 1360 (Fla. 2d DCA 1985). Here, as discussed below in connection with the affidavits, a conflict in material facts exists.
"In order to be entitled to summary judgment it was incumbent upon the plaintiff to overcome the affirmative defense by presenting evidence sufficient to demonstrate conclusively that the issue of usury, raised by answer, was not present." First Mortgage Investors v. Boulevard National Bank of Miami, 327 So.2d 830, 832 (Fla. 3d DCA 1976). "On motion for summary judgment, if the evidence raises any doubt on an issue of material fact, or is such as will permit different reasonable inferences bearing on the existence of such an issue, summary judgment is not proper." 327 So.2d at 832.
In the instant case, Mr. Blankenship's affidavit stated that no payments had been made since May 4, 1991 on the $900,000.00 note and mortgage and calculated interest from May 4, 1991 through January 22, 1992. No facts disputed the appellants' pleading and affidavit in opposition to summary judgment that interest payments were charged and received from January 4, 1991 through January 17, 1991. Thus, the usury issue raised by appellants' answer was not dispelled by Mr. Blankenship's affidavit.
Appellees argue that the appellants' evidence and arguments fail to address the promissory note's disclaimer clause and that such clause is credible evidence of lack of corrupt intent. The "savings clause" found in section 687.04(2), and as set forth in the promissory note applies only to civil usury. Appellants have pleaded usury under section 687.071, criminal usury. No disclaimer or savings clause provision is found under this section. Moreover, the appellees did not notify the appellants of any allegedly usurious overcharge and refund the amount of any overcharge taken before appellants filed their usury defense. No such notification and overcharge was made before the summary final judgment was entered. Thus, we hold that a factual dispute remains whether the alleged illegal interest was usurious.
*732 Although appellants' second issue regarding the stay is now moot as to the $900,000.00 promissory note and mortgage, the issue is viable as to the $70,000.00 promissory note and mortgage. Because no usury issue was raised with respect to the $70,000.00 note, we uphold the trial court's summary judgment as to this note. Appellants correctly note that the trial court erred in severing the appellants' counterclaim and affirmative defenses without staying the foreclosure action. Such a severance precludes the trier of fact from considering facts inextricably woven with the issues presented by the affirmative defenses and counterclaim. See Dykes v. Trustbank Savings, F.S.B., 567 So.2d 958 (Fla. 2d DCA 1990), review denied, 577 So.2d 1330 (Fla. 1991).
Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
CAMPBELL and PATTERSON, JJ., concur.
NOTES
[1] The district court of appeal granted appellants' emergency motion to stay.