PARKER, Judge.
Reson Lee and Shaun Woods (the Woods) appeal the trial court’s Amended Final Judgment of Foreclosure on one count of a multicount complaint. The Woods assert that the trial court erred by granting Huntington Federal Savings Bank's (Huntington) Motion for Summary Judgment on count XXVI, which foreclosed a mortgage. We reverse, concluding that the trial court erred by denying the Woods’ motion to file an amended counterclaim and claim against additional party.
This is an appeal from one of three cases involving the Woods and Huntington. Initially, the Woods and their wholly-owned corporation, Sun World Development Corporation (Sun World), a residential home construction company, filed a federal law suit against Huntington alleging lender liability. Then Huntington filed a suit against the Woods and Sun World in Har-dee County. Finally, Huntington filed another suit against the Woods and Sun World in Highlands County to enforce certain promissory notes.
This appeal involves only one count of the twenty-eight count complaint, filed in the Hardee County case, to foreclose a mortgage on the Woods’ personal residence. The other counts that remain pending concern the foreclosure of mortgages on properties securing the indebtedness of the Woods and Sun World, as well as to obtain a deficiency judgment on that indebtedness.
The Woods filed a timely answer, counterclaim, a claim against an additional party, Huntington Bancshares, Inc. (Banc-shares), Huntington’s holding company, and a demand for jury trial. Their counterclaim was directed toward Sun World’s and the Woods’ borrowing relationship with Huntington. The Woods alleged that Huntington destroyed Sun World’s business, breached contracts with Sun World, defrauded Sun World, violated the Federal Homeowner’s Loan Act in its loans to Sun World, acted negligently in advising Sun World, breached a duty of good faith, breached a fiduciary duty, breached a joint venture relationship, and unlawfully restrained trade by forcing Sun World to deal exclusively with a subsidiary.[1]
*1365 Huntington and Bancshares filed a motion to dismiss, which the trial court granted with leave to the Woods to amend within twenty days. The Woods timely filed a Motion for Rehearing on the order granting the motion to dismiss on the ground that the federal court had ruled and denied Huntington’s similar Motion to Dismiss. This Motion for Rehearing, filed with the court in January 1992, remained pending until July 1992. The Woods wrote the trial court in January 1992 and in July 1992 requesting a hearing or ruling on the Motion for Rehearing. Huntington also wrote the trial court in July 1992 to request a hearing on the Woods’ Motion for Rehearing. On July 21, 1992, without a hearing or notice, the court entered an order denying the motion for rehearing.[2] The order was served on counsel for the mechanics’ lienholders which have liens on Sun World’s property in the Highlands case; however, the mechanics’ lienholders are not parties in this case. The order was never served on the Woods.
On August 24, 1992, Huntington moved for partial final summary judgment on count XXVI supported by an affidavit of James Taveniere, Huntington’s vice-president, treasurer, and secretary. Thereafter, in September 1992, the Woods learned for the first time of the order denying the Motion for Rehearing through a telephone conference hearing before the judge in the Highlands County case. The Woods immediately filed a Motion for Leave to File Amended Counterclaim and Claim Against Additional Party. In support, they filed an affidavit of their counsel stating that he was not served with the order denying the Motion for Rehearing. This affidavit was unopposed.
The court heard argument on the Motion to Amend on September 21, 1992. The court denied the Motion to Amend on the ground that the federal case was still pending. After being informed that the judge in the Highlands case and the judge in federal case allowed essentially the same counterclaim to remain pending, the trial court responded, “Good. Two out of three. That’s why we have appellate courts.” Thereafter, the trial court granted the Motion for Partial Summary Judgment as to count XXVI in favor of Huntington.
We conclude that the trial court’s ruling on the Motion to Amend the Counterclaim was error. The Woods were granted leave to file their amended counterclaim, and they proceeded timely at every opportunity to amend. However, the only explanation provided by the trial court for denying the motion was that the Woods were asserting the same allegations in federal court. The Woods were entitled to file their amended counterclaim, regardless of the identical issues pending in federal court, and the counterclaim, as long as it is pending, precludes summary judgment of foreclosure. See Dykes v. Trustbank Sav., F.S.B., 567 So.2d 958 (Fla. 2d DCA1990). Accordingly, we reverse the partial summary judgment and remand this case to the trial court with directions to permit the Woods to file their amended counterclaim.
Reversed and remanded.
CAMPBELL, A.C.J., and BLUE, J., concur.

. The Woods' and Sun World’s claims in the federal casé and their counterclaim filed in the Highlands County case and the Hardee County case all contain similar allegations against Huntington.

. Although a Motion for Rehearing is not authorized, once a trial court chooses to entertain the Motion the time for filing an amended complaint or counterclaim is impliedly tolled. See Commercial Garden Mall v. Success Academy, Inc., 453 So.2d 934, 935-36 (Fla. 4th DCA 1984).