PER CURIAM.
This is the second appearance of these parties before this court. In the 1992 action, the lower court had refused to issue an injunction enforcing a non-compete agreement against Joseph Gupton [“Gupton”], relying on the limitations imposed under the 1990 amendments to section 542.33, Florida Statutes. This court reversed and remanded because the 1990 amendment did not apply. Village Key & Saw Shop, Inc. v. Gupton, 639 So.2d 102 (Fla. 5th DCA), review granted, 648 So.2d 722 (Fla.1994). In the meantime, appellant, Village Key & Saw Shop, Inc. [Village Key], filed this second action below, seeking recision based on the breach of the non-compete provisions of the agreement pursuant to which Village Key purchased Gupton’s locksmith business. It also sought damages due to on-going competition in violation of the agreement which the lower court had refused to enjoin in the earlier action. The lower court dismissed the second action on the basis of res judicata. We do not decide whether the lower court’s dismissal of the second action might not have been correct under the revised version of section 542.33 (which may intentionally or inadvertently have affected damage remedies for breach of non-compete clauses) because we previously held that this case is governed by the pre-1990 version of section 542.33. Under the former version, an injunction was simply one statutorily authorized remedy for breach of an otherwise enforceable agreement. The earlier case has been sent back to the lower court for adjudication under the former statute. We conclude the lower court did not err in deciding that Village Key could have sought and now should seek all its remedies for breach of the non-compete agreement in the first action.
AFFIRMED.
GOSHORN, PETERSON and GRIFFIN, concur.