NESBITT, Judge.
Frank and Marcia Del Rio entered into a contract to purchase a south Dade County home from William and Patricia Brandon. As part of the transaction the Del Rios agreed to give the Brandons a $100,000 promissory note and secure the note by a mortgage against the property purchased. The closing took place in April 1995 and the Del Rios took title to the property.
The Del Rios failed to make the mortgage payment due in December 1995, and all payments thereafter. The Brandons filed an action of foreclosure. The Del Rios counterclaimed for .breach of contract, breach of implied warranty, and rescission, and demanded a trial by jury on all claims for which they were so entitled. The crux of the Del Rios complaint was that extensive home repairs made by the Brandons post-Hurrieane Andrew were deficient, and that the cost of *1198 correcting these problems was more than the value of the outstanding mortgage. Included in the Del Rios’ counterclaim was the affidavit of a local architect supporting the claim of construction deficiencies.
The Brandons filed a motion for summary judgment, which the trial court granted with regard to the foreclosure, but denied with regard to the Del Rios’ counterclaim for breach of implied warranty. We agree with the Del Rios’ argument that under these facts, final summary judgment of foreclosure should not have been ordered before the trial court’s consideration of their counterclaim.
The law on this subject is clearly summarized in the case of Dykes v. Trustbank Sav., F.S.B., 567 So.2d 958, 959 (Fla. 2d DCA 1990), review denied, 577 So.2d 1330 (Fla. 1991). In that foreclosui'e case, the second district, citing Adams v. Citizens Bank of Brevard, 248 So.2d 682, 684 (Fla. 4th DCA 1971), observed:
[Wjhere the compulsory counterclaim entitles the counter-claimant (upon timely demand) to a jury trial on issues which are sufficiently similar or related to the issues made by the equitable claim that a determination by the first fact finder would necessarily bind the later one, such issues may not be tried nonjury by the court since to do so would deprive the counter-claimant of his constitutional right to trial by jury.
Dykes went on to conclude:
To grant a judgment of foreclosure in favor of the respondent, the trial court would have to find, among other things, that the respondent owned the mortgage and had performed all conditions precedent, if any, to enforce the mortgage. See generally 37 Fla. Jur.2d Mortgages and Deeds of Trust § 287 (1982). If the foreclosure action were to proceed to judgment in favor of respondent, then a jury would be bound by these findings of fact, which facts are inextricably interwoven with the issues presented by the petitioners’ affirmative defenses and counterclaims. Thus, to allow the foreclosure action to proceed before the petitioners’ legal counterclaims would deny them their right to a jury trial, which they have demanded, on those issues.
Dykes, 567 So.2d at 959; See Tolin v. Doudov, 626 So.2d 1054, 1056 (Fla. 4th DCA 1993)(reversing and remanding for set-off of foreclosure damages against damages for breach of contract); Woods v. Huntington Federal Sav. Bank, 622 So.2d 1363 (Fla. 2d DCA 1993); see also 1 Kendall Coffey, Florida Foreclosures § 26.01 (1994).
The purpose of the compulsory counterclaim is to promote judicial efficiency by requiring defendants to raise claims arising from the same “transaction or occurrence” as the plaintiffs claim. The courts have defined “transaction or occurrence” with a “broad realistic interpretation” in order to avoid numerous lawsuits from the same facts. Londono v. Turkey Creek, Inc., 609 So.2d 14 (Fla.1992); Stone v. Pembroke Lakes Trailer Park, Inc., 268 So.2d 400, 402 (Fla. 4th DCA 1972). Looking at the instant facts, the buyers here are going against the actual sellers who, according to these purchasers, made the faulty repairs at issue.[1] See Kovach v. McLellan, 564 So.2d 274, 277 (Fla. 5th DCA 1990)(holding lender might be held responsible for buyer’s alleged damages where facts indicated lender’s active participation in the sale of the residence or the existence of a special relationship between the lender and the borrower).
In summary we conclude that the instant counterclaim met the logical relationship test and therefore was compulsory. The summary final judgment of foreclosure *1199 should not have been ordered before the compulsory counterclaim was heard. Accordingly, the order under review is reversed and the ease remanded.

. As outlined in Londono v. Turkey Creek, Inc., 609 So.2d 14 (Fla.1992), and our decision in Neil v. South Florida Auto Painters, Inc., 397 So.2d 1160 (Fla. 3d DCA 1981), the "logical relationship test” between a claim and counterclaim determines whether a counterclaim is compulsory.
[A] claim has a logical relationship to the original claim if it arises out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant. Id. 397 So.2d at 1164 (quoting Revere Copper and Brass, Inc. v. Aetna Casualty and Surety Co., 426 F.2d 709, 715 (5th Cir.1970)).
Turkey Creek, Inc., 609 So.2d at 20.