WELLS, Judge.
 

 Zachary Schiffman and United States Medical Supply, Inc., the plaintiffs below, appeal from an order dismissing the instant action on the trial court’s sua sponte determination that no justiciable issues existed and that the matter should be resolved in domestic violence court. Because, at a minimum, the underlying complaint alleges a cognizable claim for breach of contract, we reverse.
 

 Appellant Zachary Schiffman is the president and sole shareholder of co-appellant U.S. Medical Supply, Inc. Appellee Alan Schiffman is Zachary Schiffman’s father. Prior to October 1999, Alan worked in some capacity with his son at U.S. Medical Supply. However, on October 27,1999, after their relationship deteriorated, Zachary, U.S. Medical Supply and Alan entered into a written settlement agreement to resolve any and all claims that each might have against the other with respect to the company.
 

 In exchange for Alan’s acknowledgement that he had no interest as shareholder or otherwise in U.S. Medical Supply and his release of any and all claims arising out of the parties’ business relationship in U.S. Medical Supply, Zachary and U.S. Medical Supply agreed, among other things to: (1) pay Alan $250,000 within ten days of execution the general release; (2) make a 10% payment on a condominium unit and then assign all right, title and interest in that unit to Alan; (3) give Alan 20% of U.S. Medical Supply’s net profits for a period of 5 years; (4) pay Alan $1500 per week as an independent contractor for a period of 5 years, with such compensation to be set off against the above referenced receipt of 20% of U.S. Medical Supply’s net profits; and (5) pay Alan’s automobile lease until it expired. Alan also agreed to stay off U.S. Medical Supply’s premises; to refrain from threatening Zachary or U.S. Medical Supply employees; to refrain from contacting U.S. Medical Supply’s employees and vendors; and to refrain from interfering with U.S. Medical Supply’s operations. Pursuant to an addendum to the agreement, Alan agreed that if he violated any of these requirements: he would forfeit any remaining benefits due him under the agreement from the date of the offending conduct; he would be “responsible for all damages arising out of such conduct”; and he would pay Zachary $250,000 as liquidated damages. In the event of litigation, the parties agreed that their agreement was enforceable by injunction and that the prevailing party would be entitled to attorney’s fees and costs.
 

 In May 2004, Zachary and U.S. Medical Supply brought suit against Alan, claiming that Alan had breached the parties’ contract. The claims were based on allegations that, in the ninety days leading up to the filing of the complaint, Alan had made numerous telephone calls to Zachary, wherein he threatened to interfere with U.S. Medical Supply’s business unless Zachary agreed to renegotiate the settlement agreement and pay Alan more money. That action ultimately was dismissed for lack of prosecution in December 2007.
 

 In February 2009, Zachary and U.S. Medical Supply filed the instant action claiming that Alan had again breached the parties’ agreement. Specifically, the complaint alleged that, in the ten days leading up to the filing of the complaint, Alan had
 
 *927
 
 made several harassing telephone calls to Zachary, accusing Zachary of “stealing ‘his’ [Alan’s] company” and threatening to interfere with the company’s business unless he received additional sums.
 

 On February 24, 2009, the lower court entered an order temporarily enjoining Alan from contacting Zachary or U.S. Medical Supply. On March 17, 2009, after Alan allegedly assaulted and battered Zachary and U.S. Medical Supply’s attorney, the lower court enjoined Alan from going to the attorney’s offices. Two months later, during a hearing on a motion for injunctive relief filed by Alan, the court below, expressing frustration over the amount of time the court was spending dealing with the parties’ conflicts, vacated the previously entered temporary injunctions and then sua sponte dismissed the entire action concluding that “this matter is an ongoing domestic violence matter that can and should be resolved in domestic violence court.” In a subsequently entered order denying rehearing, the court below justified its dismissal on three grounds: first, that the underlying complaint failed to state a proper cause of action; second, that the settlement agreement at issue was never ratified nor adopted by a court; and third, that the 2004 dismissal for lack of prosecution barred consideration of the instant action under principles of res judicata. Because none of these reasons support dismissal, we reverse.
 

 First, this matter was properly before the general jurisdiction division of the circuit court because the complaint alleged all of the elements essential to a cause of action sounding in breach of contract.
 
 See Abbott Labs., Inc. v. Gen. Elec. Capital,
 
 765 So.2d 737, 740 (Fla. 5th DCA 2000) (“The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages.”). Second, the agreement at issue constitutes a valid, binding contract which need not be ratified nor adopted by a court to be enforced in court. Third, res judicata does not apply to the 2004 action which was dismissed for lack of prosecution.
 
 See Houswerth v. Neimiec,
 
 603 So.2d 88, 89 (Fla. 5th DCA 1992) (finding that “a dismissal for lack of prosecution is not a ruling on the merits and therefore cannot be the basis of a subsequent
 
 res judicata
 
 argument”).
 
 [1]
 

 Accordingly, we reverse the order of dismissal and remand with instructions to reinstate instant action and the preliminary injunctions against Alan Schiffman.
 

 [1]
 

 . We also note that the conduct giving rise to the instant breach of contract claim is wholly separate and distinct from the conduct alleged as the basis for the 2004 action.
 
 See Inter-Active Servs., Inc. v. Heathrow Master Ass'n.,
 
 809 So.2d 900, 902 (Fla. 5th DCA 2002) (recognizing that
 
 res judicata
 
 does not apply unless the "facts and evidence necessary to maintain suit are the same in both actions”).