PER CURIAM.
We reverse an order granting summary judgment of foreclosure in favor of Affordable Homes of Palm Beach, Inc. (“Affordable Homes”) and against property owner, Edith C. Peterson (“Peterson”), because summary judgment was premature while affirmative defenses and a counterclaim for fraud were still pending.
In March 2009 Affordable Homes sued Peterson to foreclose a mortgage, alleging that she defaulted under the promissory note and mortgage on her West Palm *113 Beach property. Peterson subsequently filed a counterclaim against Affordable Homes, arguing that Affordable Homes perpetrated a fraud by not fully disclosing that the property failed to include plumbing installation at the time of the sale.[1] Peterson requested the court to dismiss the mortgage foreclosure action and refund all monies paid to Affordable Homes.
Affordable Homes answered the counterclaim and filed a motion to dismiss, arguing that Peterson failed to state a cause of action, as none of the mortgage documents revealed anything about “property plumbing.” In addition, Affordable Homes argued that as a third-party mortgagee it was not the seller and therefore not responsible for the non-disclosure. Peterson, however, contended that Affordable Homes was much more than a mortgagee and its principal was the seller of the property. The trial court granted the motion to dismiss Peterson’s counterclaim, but granted leave to amend the counterclaim within twenty days. The trial court subsequently granted Peterson a thirty-day extension to file an amended counterclaim.
Less than a month later, Affordable Homes moved for summary judgment. The trial court granted the motion despite the fact that the trial court had scheduled a hearing to take place a little over four months later to resolve Peterson’s pending counterclaim. No motion to sever the counterclaim was made. After the foreclosure summary judgment was granted, the trial court dismissed the counterclaim with leave to amend.
“Courts have repeatedly held that, where summary judgment is granted for a plaintiff and a counterclaim remains pending, the trial court should stay the execution of the judgment pending the resolution of the counterclaim.” Tooltrend, Inc. v. C.M.T. Utensili, S.r.l, 707 So.2d 1162, 1162 (Fla. 2d DCA 1998). “[T]he issue of fraud, raised by appellants as a defense and counterclaim, is usually considered a jury question and is not ordinarily appropriate for summary judgment proceedings.” L & S Food Servs., Inc. v. Roberts Cafeteria, Inc., 422 So.2d 45, 45 (Fla. 2d DCA 1982). See also Millennium Group I, L.L.C. v. Attorneys Title Ins. Fund, Inc., 847 So.2d 1115, 1117 (Fla. 1st DCA 2003) (stating that when summary judgment is granted for one party and a counterclaim on an original claim remains pending, the trial court should stay the execution of the judgment pending the resolution of the remaining claim).
Here, allowing the foreclosure action to proceed before deciding Peterson’s counterclaim effectively denied Peterson the right to a jury trial, which she had demanded in her counterclaim. See Del Rio v. Brandon, 696 So.2d 1197, 1198 (Fla. 3d DCA 1997). “The purpose of the compulsory counterclaim is to promote judicial efficiency by requiring defendants to raise claims arising from the same ‘transaction or occurrence’ as the plaintiffs claim.” Id. In Londono v. Turkey Creek, Inc., 609 So.2d 14, 20 (Fla.1992), our supreme court explained “transaction or occurrence,” using the “logical relationship test” in order to determine whether a claim was compulsory:
A claim has a logical relationship to the original claim if it arises out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that *114 the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant.

Id.

Here, Peterson’s counterclaim alleged fraud on the part of Affordable Homes in connection with the purchase of the property. Her counterclaim was compulsory, as issues of fact which were “logically related” remained as to the liability of Affordable Homes. Thus final summary judgment of foreclosure should not have been ordered before the trial court considered it. We therefore reverse the order granting summary judgment and remand this cause for further proceedings.

Reversed and Remanded.

WARNER, STEVENSON and TAYLOR, JJ., concur.

. Costs for the new septic system required by the Palm Beach Health Department exceeded $19,000.00.