PER CURIAM.
The appellants appeal the final judgment of foreclosure and two non-final orders. We find that, as to the non-final orders, the appellants have not established reversible error.
As to the final judgment, the appellants raise multiple issues, but we find only two *898 worthy of discussion. The appellants contend that the trial court erred in entering the final judgment while an appeal of a non-final order in the same case was pending. This argument has merit. See Fla. R.App. P. 9.130(f); Garcia-Lawson v. Lawson, 82 So.3d 137, 137 (Fla. 4th DCA 2012) (“Courts have interpreted [Rule 9.130(f) ] to mean that a trial court lacks the jurisdiction to render a final order while an appeal from a non-final order in the same case is pending and, if the trial court does so, the final order is a nullity.”).
The appellants also argue that the final judgment should not have been entered when their related counterclaim was pending, and we agree. See Peterson v. Affordable Homes of Palm Beach, Inc., 65 So.3d 112, 113 (Fla. 4th DCA 2011) (recognizing that “where summary judgment is granted for a plaintiff and a counterclaim remains pending, the trial court should stay the execution of the judgment pending the resolution of the counterclaim.”) (quoting Tooltrend, Inc. v. C.M.T. Utensili, S.r.L, 707 So.2d 1162, 1162 (Fla. 2d DCA 1998)). Although all but one of the counterclaim counts were dismissed, one count (claiming negligence) remains. Thus, final summary judgment of foreclosure should not have been ordered before the trial court considered this one remaining counterclaim. Accordingly, the trial court erred in entering final judgment. We therefore reverse the order granting summary judgment and remand this cause for further proceedings.

Affirmed in part, reversed in part, and remanded for further proceedings.

LEVINE, FORST, JJ., and KLINGENSMITH, MARK W., Associate Judge, concur.