PER CURIAM.
We reverse the amended final judgment of foreclosure as the trial court should not have entered a final order while the appellants’ counterclaim remained pending.[1] See Peterson v. Affordable Homes of Palm Beach, Inc., 65 So.3d 112, 113 (Fla. 4th DCA 2011) (holding that summary judgment on a foreclosure claim was premature while the mortgagor’s fraud counterclaim was still pending); see also Woods v. Huntington Fed. Sav. Bank, 622 So.2d 1363, 1365 (Fla. 2d DCA 1993) (pending counterclaim precluded summary judgment of foreclosure); Shahar v. Green Tree Servicing LLC, 125 So.3d 251, 253 (Fla. 4th DCA 2013) (summary judgment *528 of foreclosure premature because defense of unclean hands was still pending).[2]

Reversed and remanded.

WARNER, FORST and KLINGENSMITH, JJ, concur.

. Although appellant claims that the counterclaim has been disposed of, such a ruling is not part of the record, and did not occur prior to the rendition of the amended final judgment.

. The appeal was timely because it was filed within thirty days of the amended final judgment, which materially changed the legal obligations of the defendants from the original final judgment, which had not reserved jurisdiction to permit the amendment of the amounts due. Cf. B.G. Leasing, Inc. v. Heider, 372 So.2d 184, 185 (Fla. 3d DCA 1979).