# Third District Court of Appeal

## State of Florida

Opinion filed April 29, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0288
Lower Tribunal No. 23-19440-CA-01
_____

**Steven Kwartin,**
Appellant,

vs.

**Miami Beach Townhomes, A Condominium Association, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Steven Kwartin, P.A., and Steven M. Kwartin (Hollywood), for appellant.

Law Offices of Frederick Charles Sake, P.A., and Frederick Charles Sake, for appellee.

Before LOGUE, LINDSEY, and MILLER, JJ.

MILLER, J.

Appellant, Steven Kwartin, challenges a summary final judgment of foreclosure and an order denying rehearing rendered in favor of his condominium association, appellee, Miami Beach Townhomes (the "Association"). On appeal, he contends the judgment was prematurely entered because his affirmative defenses and counterclaims were not first adjudicated. We are constrained to agree.

I

The parties have an extensive litigation history. Suffice it to say that in the underlying case, the Association filed suit against Kwartin, seeking to foreclose a claim of lien premised on delinquent assessments over a three-year period. Kwartin filed an answer and raised several affirmative defenses, including tender of payment, unclean hands, fraud, and illegality. He further counterclaimed and filed third-party claims alleging, in pertinent part, breach of the declaration and bylaws and breaches of fiduciary duty by the Association and various board members.

The Association sought summary judgment on its foreclosure claim. In support of its motion, it filed an affidavit establishing overdue, unpaid assessments. In response, Kwartin submitted an affidavit attesting to the factual allegations set forth in his pleadings. Among a myriad of other allegations in those pleadings, he alleged that he paid all assessment as

2

due, but the Association wrongfully refused to negotiate the tendered checks.[1]

The trial court granted a final summary judgment foreclosing the claim of lien. In so doing, the court liquidated the amount the Association alleged was due and owing and scheduled a judicial sale. The judgment contained no ruling on the affirmative defenses or counterclaims. Nor did the style of the case reflect the pending counterclaims.[2]

---

[1] Kwartin specifically denied the allegation of nonpayment in his answer, and, in his counterclaim, he alleged that he "properly tendered payment of his monthly condominium assessments, for the period from January 1, 2020, through January 1, 2023," to the Association but "[e]ach and every month, [] [the Association] wrongfully rejected" those payments. In granting summary judgment, the trial court relied, in part, on the fact that Kwartin responded "none" when requested to produce "canceled checks from the period of time for payment of assessments from January 1, 2020 to present." But payment and tender of payment are distinct. See Rissman on Behalf of Rissman Inv. Co. v. Kilbourne, 643 So. 2d 1136, 1140 (Fla. 1st DCA 1994) (noting the "distinction between tender and payment lies in the fact that a tender is not accepted, while a payment is") (74 Am. Jur. 2d Tender § 1 (1974)).

[2] We agree that affixing the SRS stamp to the final judgment of foreclosure did not operate to dismiss the other counts and parties from the lawsuit. See Colby III, Inc. v. Centennial Westland Mall Partners, LLC, 386 So. 3d 1003, 1005–06 (Fla. 3d DCA 2023) (rejecting the argument that an SRS stamp could convert a nonfinal order into a final order: "[As] [w]e recently explained . . . that affixing the SRS stamp to an order is a purely ministerial function.") (citation omitted).

3

## II

Having carefully reviewed the record, we conclude this case is virtually identical to our decision in <u>Vital v. Summertree Village at the California Club Condo. Ass'n, Inc.</u>, 343 So. 3d 1260 (Fla. 3d DCA 2022). There, this court held that a "final" foreclosure judgment was prematurely entered because the trial court failed to first adjudicate the pending affirmative defense and counterclaims. <u>Id.</u> Because the final judgment affixed damages and was fully executable, we reversed the judgment, noting that additional judicial labor remained on the foreclosure claim. <u>Id.</u> at 1263 (citing <u>Del Castillo v. Ralor Pharmacy, Inc.</u>, 512 So. 2d 315, 319 (Fla. 3d DCA 1987) ("[I]t is . . . improper to render an order in the *form* of an ordinary final money judgment, while contradictorily and simultaneously leaving an issue for future adjudication.") (alteration in original)).

Our sister court embraced similar reasoning in <u>Dieuvil v. Falcon Trace Homeowners Ass'n, Inc.</u>, 367 So. 3d 543 (Fla. 4th DCA 2023). Invoking the holding in <u>Vital</u>, the Fourth District reversed a final judgment of foreclosure and remanded with instructions to the trial court "to resolve the defendants' legally interrelated amended counterclaims before considering whether to enter a final summary judgment [of foreclosure] against the defendants on the association's foreclosure action." <u>Id.</u> at 545; <u>see, e.g.</u>, <u>Peterson v.</u>

<u>Affordable Homes of Palm Beach, Inc.</u>, 65 So. 3d 112 (Fla. 4th DCA 2011) (reversing summary judgment of foreclosure as premature where affirmative defenses and a compulsory counterclaim for fraud remained pending). Consistent with this line of authority, we reverse the judgment under review and remand for resolution of the affirmative defenses and counterclaims.

Reversed and remanded.